*262 OPINION of the Court, by
Judge Bibs.
— At the December term of the general court in the year 1803, M’Clelland, asíate sheriff oi Shelby county, produced a notice (duly served upon the defendants ten days or more previously,) of an intended motion against Lindsey, his deputy, and two of said Lindsey’s securities, to recover judgment against them, for a balance of revenue tax, due for the year 1802, and accordingly had judgv ment; which by a subsequent order, was to await the event of a motion by the commonwealth against said M’Clelland.
At the December term 1805, said M’Clelland produced and filed an agreement between himself and Lindsey and Johnson, his.deputies, in which, amongst other things, it.was agreed, that as a judgment at that term was expected against said M’Clelland for the arrearage of the revenue tax for 1802, for which arrearage said deputies were bound to said M’Clelland, and were la. *263 iteep liim indemnified, and whereas he had served them with notices, &c. that therefore, “ for whatever sum judgment should be entered against the said M’Clel-land as aforesaid, a judgment should be immediately entered, against said Lindsey and Johnson, his deputies, in favor of said principal sheriff” — and thereupon a judgment was rendered in behalf of said M’Clelland, against said Johnson and Lindsey ; to which this writ of error is prosecuted.
Of the demand, suit or action between M’Clelland and his deputies, or their securities, the general court had no jurisdiction by the general statute or statutes constituting that court. Its jurisdiction was by law limited and special. The statutes which gave to the principal sheriff, a remedy over by motion against his deputy and securities, expressly declares it shall be made in courts of quarter sessions- — (See 1st Brad. E» jL. K. p. 405, sec. 2d — -2d. Brad.p. 30, sec. 21.) The jurisdiction of the courts of quarter sessions, is transferred to the circuit courts, by the act establishing circuit courts — 2 Brad. p. 182, sec. 7.
As the general court had not jurisdiction of the subject matter generally, consent in that particular case could not give it. But if the jurisdiction of the court had embraced the subject matter, or if the said persons had been authorised to sue in the general court, yet the agreement could not authorise the rendition of the judgment. The defendants to the motion came not in person or by attorney, but the agreement was filed and without proof thereof, and without trial the judgment was rendered. If the recital in the agreement, that notice had been given, can be considered as a sufficient previous commencement of an action, so as to take the ease out of the statute against powers of attorney for confessing or suffering judgment to pass by default or otherwise, given before action brought, yet there is no attorney constituted thereby ; but it was a bare agreement, which the court specifically enforced, without the shadow or form of trial. — —Judgment reversed.