THE only question presented in this cause, is, had the general court, jurisdiction of the cause ?
The defendant in error, who brought the suit, styles himself a citizen and resident of the state of Rhode. Island. This is sufficient, as to his character, to enti. tie him to sue in that court; for if he be a resident oi Ilhode.lsland, he must be a non-resident of Kentucky, and non residents are allowed to sue there, according to the act settling the jurisdiction of that court, whether they be citizens of this or any other state.
Rut, according to the same act, the opposite party must be a citizen of this state, and not a resident merely. The plaintiffs in error are a corporation, created by our laws, known by the name of the “ Lexington Manufacturing Company.” We may judicially know that this corporation must exist here, and that its operations are confined to the commonwealth ; but if the members themselves were all residents, we cannot know that they are citizéns; for they, or some of them, may be citizens of other states. It is contended, that a corporation, let the members be or be not citi *257 sens, cannot itself be ¡a citizen, within the meaning of the Jaw. Could this doctrine be maintained, it would be conclusive against this suit in toto. But, from án examination of the authorities, it will appear, that whenever it becomes necessary for the purposes of justice, courts will look into the characters of the individuals who compose the corporation, and give to the institution the privileges of the members who compose it; and that, if those members can individually sue ih a court by the right of citizenship, so may the body to which they belong. —Bank U S. vs. Deveaux. 5 Cran. 87 ; Hope Ins. Co. vs. Boardman, ibid 57, and authorities there cited.
But in this case the defendant in error has not individualized tlie character of the members, and stated them to be citizens of this state, in any part of the re; cord; and it was incumbent on him to do so, before he could sustain a. suit against them in their corporate capacity ; and this defect must be fatal to the judgment, and for this cause it must be re versed. Still, however, a question occurs, ought we to send back the cause,, allowing new proceedings by amendment, or must it bé reversed entirely and dismissed ? It is not supposed to be necessary that the writ should show the character of the parties; or rather, if it fails to do it. that the party could not show that the court had jurisdiction, in his declaration, or some part of the record. It has heen deemed sufficient, in the courts of the United States, to sustain the jurisdiction, if it appeared in the record that there were proper parties. It is, therefore', a defect in the declaration fir which we reverse ; and as the party may be able ito show that the members of this corporation have all the character of citizens, and, as such, could be sued in that court, by a proper amendment, he ought to bé allowed to do so. If he cannot do this, that court can dismiss his suit.
The judgment is, therefore, reversed, and the cause remanded for new proceedings accordant with this opinion.