OPINION OP THE CoUB-T.
■THIS is a bill originally filed in the general court by Present appellant against John- Fowler, claiming against him the settlement and investigation of a written contract between them, constituting a partnership in buying and selling lands in this state, and asserting other demands; to which the appellee answered, and that court finally dismissed the bill with costs; from which decree this appeal is prayed.
The appellee presents a previous question to be decided, before tbis court can travel into the merits, and examine whether the appellant is entitled to the relief he has claimed, and contends that the bill was rightfully dismissed, because it does not appear that the general court had jurisdiction of the cause.
The bill styles the appellant, “Henry Banks of Virginia,” and says nothing with regard to his residence. It does show, indeed, that he once resided in Virginia; but alleges that he came to this state in 1813, upwards of one year before this bill was filed; but whether tbis coming was a removal animo residendi, or a casual visit on business, is not stated. If this was the only state--WCnt with regard to the character of the complainant *333 below, it might, with some plausibility, be contended, that the case comes within the principle adopted by this court in the case of Fowler vs. Halbert, 3 Bibb 384, in which it was decided, that where one citizen or resident of this state impleaded another in that court, and the defendant had answered to the merits, 'without questioning the jurisdiction, consent ought to be taken as proved, without producing a writing, attested by two witnesses, filed with the clerk, evidencing their assent. This decision is founded upon correct principles; because between citizens of this state, consent, by the express letter of the act giving jurisdiction to that court, could confer jurisdiction. But with regard to other persons, consent cannot give jurisdiction, and it must be claimed as a matter of fight, by describing the character of the parties. But this case is not embraced by that case; because the complainant has not styled himself a citizen or resident of Kentucky; and, moreover, in his replication to the answer he .expressly avers that he resides in Virginia. This is conclusive, to show that he claims the right to sue in that court, as being a nonresident; and that, although the defendant, now appel-lee, has not pleaded to the jurisdiction, yet his consent cannot give jurisdiction, and the appellant must claim it as a legal right, or not at all. His claim', as to his qualification to sue in that court, is, however, by the uncontested averment that h^ls a resident of Virginia, a valid one; and if no other objection exists, his right to sue there, must be sustained; for although he does not allege himself to be a citizen of Virginia, yet, as he styles himself a resident of that state, it is his non-residence of Kentucky which authorises him to sue there, be his citizenship ®f whatsoever state or country it may, as was held by this court in the case of the Lexington Manufacturing Company vs. Dorr, 2 Litt. Rep. 256,
The question of jurisdiction, then, must rest on the character of the appellee. It may, indeed, be inferred from the pleadings, that the appellee is a resident of Kentucky; but there is no suggestion that he is a citizen thereof, nor can it be inferred from the pleadings, with any certainty, that he is; and it is necessary that he should be a citizen, as his mere residence here will not answer. And as there may be, and really are, many residents who are not citizens, we cannot assume the fact of citizenship from residence only. This defect in *334 the pleadings and process, with regard to the character of the appellee, must be held fatal to the jurisdiction of that court, and it did not err in dismissing the bill.
But that court gave costs to the appellee; and such decree, according to the principles settled by this court, in the case of Ormsby vs. Lynch, spring term 1821, cannot be supported. It was necessary for that court to have jurisdiction between the parties to the decree, to enable it to give a decree for costs.
The decree for costs must, therefore, be reversed and set aside. — Each party must bear their own costs ill this court.