Jurisdiction of the general court, not below 500 dollars.

Judgment for 200 and odd dollars.

Declaration.

# *Grant vs. Tams & Co.*

Error to the General Court; JOHN P. OLDHAM, Judge.

*Jurisdiction. Pleading. Practice. Abatement. Demurrer.*

Chief Justice BIBB, delivered the Opinion of the Court.

By the act of 12th January, 1825, (session acts, p. 156,) the general court is prohibited from taking cognizance between non-residents and citizens of this State, of smaller sums than five hundred dollars, unless by consent of parties, to be signified in writing.

Tams & Co., non-residents, in June, 1825, sued Grant, a citizen of this State, and obtained judgment in the general court, for two hundred and eighteen dollars fifty eight cents. The question is, can the jurisdiction of the court to render judgment for that sum, between these parties, be maintained by the record.

The declaration impleads the defendant, Grant, of a plea of debt, that he render unto them the sum of two hundred and eighteen dollars fifty eight cents, which to them he owes, and from them unjustly detains; for, that the said defendant, on the 12th day of January, 1824, &c. counting on a note for two hundred eighteen dollars, fifty eight cents, payable six months after date. Having set forth this note as made, with a profert, the declaration proceeds: "And whereas, afterwards, *to-wit,* on the —— day of ——, at the circuit aforesaid, the said defendant, by his certain other note in writing, promised the plaintiffs to pay them on demand, the sum of six hundred dollars, for value received; which note is now here to the court shewn: And whereas, afterwards,

to-wit, on the —— day of ——, at the circuit afore-said, the defendant being indebted to the complainants, in the further sum of six hundred dollars, for so much money before that time lent, and accommodated to him, at his special instance and request, then and there promised to pay the same on demand. Yet, the said defendant, although often requested so to do, hath not paid the said sum of money, so due to the said plaintiffs, nor any part thereof, but the same to pay," &c. to the plaintiffs damage $800. GRANT vs. TAMS & Co;

The writ, (which issued after the filing of the declaration, as regulated by statute, to authorize judgment at the return term,) is in debt, for two hundred and eighteen dollars, fifty eight cents, damage eight hundred dollars. Capias.

The defendant pleaded payment, and *nil debet.* Plea.

On the trial, after the jury were sworn, the defendant moved the court to instruct the jury, to disregard the first count, as "faulty, and insufficient to entitle the plaintiffs to a recovery thereon in this court;" this was refused, and the defendant excepted. Motion for count to be disregarded, overruled.

The plaintiffs gave in evidence, the note for two hundred and eighteen dollars fifty eight cents, but offered no other evidence. Thereupon, the defendant moved the court to instruct the jury, to find as in case of a non-suit, as to the second and third counts—this instruction was given—to this the plaintiffs excepted. Verdict: exception.

After the plaintiffs were, by the opinion of the court, *non-pros'd,* as to the second and third counts, the defendant moved the court to instruct the jury, to find as in case of a non-suit, upon the remaining count. This point was reserved, and the verdict taken for $218 58, the debt in the declaration mentioned, with interest, and one cent damage. Judgment, finally, was rendered for the plaintiffs on the question reserved. Point reserved.

The plaintiffs below, have, by their counsel, argued in this court, as if their declaration demanded a sum exceeding five hundred dollars. This is a mistake. The declaration demands a debt of $218 58; that is the whole which the plaintiffs ask, that the Mode of declaring in debt with several counts.

defendant render unto them. Undoubtedly, there are many approved precedents, in which plaintiffs have demanded a large debt to be rendered, and have stated their claims, by one count, to a part thereof, by a second count to another part thereof, by a third count to another part thereof, and so on; all the counts together, making an aggregate to correspond with, and fulfil the debt complained for, and demanded, in the out set, and mentioned in the writ. And it is equally true, by the modern practice and decisions, in actions of debt, the plaintiff may recover less than he demands, by failing in proof, as to any one or more of his counts; he is not, therefore, under the necessity of submitting to a *non pros* for the whole; he may enter a *nolle prosequi*, as to some, or strike out one or more counts, and have judgment on the residue. So are the cases in William's note, c. to 1st Sand. 207, and 1 Chitty's pleadings, 394. In those cases the sum so remaining, raised no question of jurisdiction, the court there, would have been competent to render judgment, even if the declaration had, in the first instance, demanded only the sum due in a single count. But this declaration is unlike any of the approved forms, where a debt is demanded, and various counts are used to state the component parts of the debt demanded. This declaration and writ, demands but a debt of $218 58; the three counts have not increased the debt actually sued for in the writ and declaration; although, if all the counts were good and true, the plaintiffs might have demanded a debt of $1,418 58, instead of that actually demanded, of $218 58. Upon the face of the writ and declaration, no more than $218 58, are sued for, complained for, or brought into litigation for judgment. By the non-suit upon the second and third counts, the plaintiffs demand was not curtailed, if he had proved all the counts, he could have taken judgment for no more than $218 58.

Upon its face, the declaration is for a sum beneath the jurisdiction of the court, and the complaint should have been dismissed as *coram non judice*, unless there is something in the record which is equivalent to a consent in writing, that the court should take cognizance of the demand.

Declaration in debt for the detention of $218, repeated in several counts, is a case for but the $218, and not within the jurisdiction of the general court.

The motions made by the defendant below, and the taking the verdict, subject to the opinion of the court, on the question reserved negative the idea that the defendant had consented, or did assent, that the court should retain cognizance of the case. His first motion for instruction to disregard the first count, as faulty, and insufficient to authorize a recovery in that court, was an objection for the defect of jurisdiction; no other cause of objection existed to that, and the very terms of the motion shew, that the smallness of the sum was the point of objection. All the other motions, and the taking the verdict, subject to the reserved point, tended to bring down the case to its limit, and to stir the question of jurisdiction, or no jurisdiction.

In Lightfoot v. Payton, Hard. 3. it was decided, that two demands of thirty pounds each, united in one action of debt for the purpose of giving jurisdiction to the district court, was improper and unavailing; that court not having cognizance of causes of action of less value than fifty pounds.

In Ormsby v. Lynch, (Litt. Sel. cases. 303,) it was decided, that after answer in chancery, a defect of jurisdiction of the general court, apparent on the record, was not cured. In the case of Dorr, at the suit of the Lexington Manufacturing Co. (2 Litt. 256,) the objection was held well taken in the appellate court. In Lindsey v. M'Clelland, (1 Bibb, 262,) the want of jurisdiction was taken in the appellate court. This court decided, that the general court was of special and limited jurisdiction. All these cases concur in these positions, that where the want of jurisdiction appears on the record, no plea to the jurisdiction is required—it may be assigned for error in the appellate court, although not made a question to the court below; that in a court of special, limited jurisdiction, the record must state a case within its jurisdiction, that the general court is of such special, limited jurisdiction.

Upon the face of the declaration, it demands a debt which is beneath the jurisdiction and cognizance of the court. The damages laid, in *actions of debt,* beyond the legal fixed standard of damages,

---

GRANT
vs.
TAMS & Co.

Objections to the jurisdiction not waived by motions for instructions and the reservation of point relying on the lack of the jurisdiction.

Several small demands cannot be united to give jurisdiction.

Jurisdiction of the general court, special and limited, must appear in the record.

Damages claimed in a declaration in debt above the fixed

GRANT
vs.
TAMS & Co.

standard,
cannot aid
the jurisdic-
tion.

cannot confer a jurisdiction.   We percieve nothing in the record, which can be construed into a consent on the part of the defendant, signified in writing, according to the meaning of the statute of 1825. The plaintiffs below were straining to give jurisdiction to that court, by color in pleading—the defendant was straining to prevent it, by his motions; but we should strain harder than either, if we were to torture the acts of the defendant below, into a consent to give the court cognizance of the case.

Where the
lack of juris-
diction ap
pears on plff's
pleadings, no
plea is neces-
sary but a de-
murrer; or it
will avail on
error.

A plea in abatement, to the jurisdiction of the court, is required, only in those cases where there is an apparent jurisdiction; but to be ousted by some fact, not appearing to the court, but which the plea in abatement discloses.   When the want of jurisdiction appears by the plaintiff's own shewing, it is difficult to perceive, what plea in abatement can be framed by the defendant, other than a demurrer.   It is idle in the defendant, to plead and aver the facts which the plaintiff has confessed; all that he is required to do, is to abide the judgment of the law upon the facts.

Judgment.

It seems to this court, that upon the face of the declaration, the case was of smaller value than five hundred dollars; that there is no written assent between the parties, to give the general court cognizance of the case, and that the general court had not jurisdiction of the matter.

Mandate.

It is, therefore, considered by this court, that the said judgment of the general court be reversed; that the case be remanded, with direction to dismiss the case, as not within the jurisdiction of the court.   No judgment for costs in that court, to be given.

Plaintiff in this court to recover his costs.

Crittenden, for plaintiff; Combs, for defendant.