Judge Ewing
delivered the Opinion of the Court.
Waring, holding a note on Triplett, for the sum of four hundred and twelve dollars and fifty cents, bearing interest from the 15th day of November, 1834, until paid, on the 9th of January, 1835, produced the same in the General Court, whereupon Triplett, in proper person, appeared, and, with leave of the Court, confessed the plaintiff’s demand, for the amount, with interest and costs; and thereupon judgment was entered in favor of the plaintiff. Which judgment is brought to this Court for revision, by Triplett, and the only error assigned is, that the General Court had not jurisdiction of the case.
The jurisdiction of that Court is special and limited. It can take cognizance only of a prescribed class of cases, and between a defined class of individuals.
It must appear somewhere in the record, that cognizance has been taken in some one of the cases in which it may exercise jurisdiction, as has been settled by this Court. Lexington Manufacturing Company, vs. Dorr. 2 Litt. 256. That fact does not appear in this record.
But, by an act approved December 19th, 1796, (Statute Laws of Ky. 327,) “to reduce into one the several acts for preventing vexatious suits, and regulating proceedings in civil cases,” it is provided that, “ a judgment on confession shall be equal to a release of errors.”
To carry, into full effect, the intention of the Legislature, the same construction should be given to this act, as if, after the judgment, a formal release of errors had been executed, by the plaintiff in error. If such a release of errors had been executed, in due form, we cannot doubt, that it would apply to the error of want of jurisdiction; or rather to the error of its not appear *449 ing on the record, that the Court had jurisdiction, as well as to all other errors which might be assigned.
It may be, that the Court had jurisdiction, yet the fact not appear, on the record.
And though it were conceded that the statute should not be construed to apply, to Courts assuming to exercise jurisdiction, without any color of authority, yet as jurisdiction might have existed, over the case and parties, and not appear on the record, and as the gist of the error, is for the non-appearance of jurisdiction on the record, surely the release of such error is a bar to the remedy sought by the plaintiff.
It is, therefore, the opinion of this Court that the writ of error be dismissed.