## GROSVENOR v. HENRY.

1. **Service and return: ORIGINAL NOTICE.** A return on an original notice that it was "personally served by reading in the hearing of the defendant and leaving a true copy with him," is sufficient.

Grosvenor v. Henry.

2. Landlord and tenant: FORCIBLE ENTRY AND DETAINER. Where a tenant takes possession of premises under an agreement that he is to occupy them only so long as he shall continue in the employ of the landlord, he will not be regarded as a tenant at will, but one holding under a definite lease; and if, after quitting the service of the landlord, he refuses to yield up possession of the premises, he will be regarded as one holding over after the termination of a lease, and subject to an action of forcible entry and detainer on the part of his landlord, upon three days' notice to quit.

*Appeal from Jones District Court.*

MONDAY, JUNE 14.

ACTION for forcible detainer tried before a justice of the peace. The plaintiff alleged that he employed the defendant to work for him for eight months, and, as part consideration for his services, the defendant was to have the use of plaintiff's house (describing it); that it was expressly agreed that defendant should occupy said house only so long as he should continue to work for plaintiff; and that defendant should deliver up possession thereof to plaintiff immediately upon his quitting the service of plaintiff; that defendant took possession of the house and continued in plaintiff's service till the 25th day of August, when he quit and refused to work more, and also refused to deliver possession of the house; that on the fourth day of September following he served defendant with notice in writing to quit the house and deliver possession thereof to the plaintiff within three days; that defendant refused to do so and wrongfully held possession of the same.

Notice was duly issued, and the return of the officer stated that it was on the ninth day of September, 1868, personally served by reading in the hearing of the within named Frederick Henry, and by leaving a true copy with him on the farm of," etc.

The defendant failed to appear at the time and place fixed for trial, it being at 10 o'clock A. M., at the justice's

office, but made default, and his default was formally entered.   The justice also states, in return to the writ of error in this case, as follows :  " Therefore it is found and adjudged that the said  defendant is in default ; and the plaintiff giving evidence that three days' notice to quit to the defendant had been  served  prior to the commencement of this action, and  the plaintiff having proved his right to the possession of the premises in said  notice and petition described, it is therefore ordered and adjudged," etc.

At about 4 o'clock P. M. of the same day the defendant appeared by his attorney and filed his motion to set aside or open the default, because, *first*, the court had no jurisdiction over the person of the defendant by the service of the notice, it not being  legally served ;  *second*, the court had  no  jurisdiction  of  the  subject-matter, since  only three days' notice was given to quit, when the law requires thirty days'  notice ;  and, *third*, the defendant was tenant at will, and required  thirty days' written  notice to quit. This motion  was  overruled.   The  defendant  then sued out his writ of error, based thereon, to the District Court, where  the  action  of  the  justice  was  affirmed.   The defendant now appeals to this court.

*A. J. Monroe* for the appellant.

*Herrick & Hughes* for the appellee.

Cole, J. — But  two  questions  are  presented  by  this record for our decision.   First :  Is a return on an original 1. SERVICE AND notice that it was " personally served by read-
RETURN:
original notice. ing in the hearing of the defendant and leaving  a  true  copy  with  him " a sufficient  service ?   Our statute requires that the service shall be made by reading the notice to the defendant and delivering him personally a copy, etc.   Rev. § 2816.   It was held, under the Code

of 1851, which required the service to be made by reading the notice to the defendant and giving him a copy if demanded (§ 1721), that a return of service " by reading the same in the presence and hearing of the defendant " was defective, and a judgment rendered on such return of service was reversed. *Hynek* v. *Englest*, 11 Iowa, 210. So of a " service on the within named defendants by reading in their hearing " was held bad, and not sufficient to authorize a judgment. *Farris* v. *Powell*, 10 id. 553 ; see, also, *Hodges* v. *Brett*, 4 G. Greene, 345, and *Hodges* v. *Hodges*, 6 Iowa, 78, and cases cited.

But, it was also held, in *Anderson* v. *Kerr*, 10 Iowa, 233, that the defect of serving by reading in the presence and hearing of the defendant was cured or made good by a demand of a copy by such defendant, which was given him. The only difference between that case and the one now under consideration is, that the copy was demanded in that case, while in this it was given without demand ; the law, in that particular, having been changed. We cannot, without in effect overruling *Anderson* v. *Kerr*, hold the service insufficient in this case. And, whatever doubts some of the judges may entertain as to that case, they deem this a proper case for the application of the maxim *stare decisis*. *Second*, was the defendant entitled to thirty days' notice to quit ? We think not.

It is true our statute provides that any person in possession of real property with the assent of the owner is presumed to be a tenant at will unless the contrary is shown. Rev. § 2216. And it is also provided that thirty days' notice in writing is necessary to be given by either to terminate a tenancy at will. Rev. § 2218. But the same section provides that, when an express agreement is made, whether the same has been reduced to writing or not, the tenancy shall cease at the time agreed upon, without notice.

2. LANDLORD AND TENANT: forcible entry and detainer.

By the terms of the express agreement between plaintiff and defendant as shown by the petition, the defendant's tenancy was to cease at the time he ceased to work for plaintiff. Whenever he ceased to work for plaintiff, he became a tenant or lessee holding over after the termination of his lease (and not a tenant at will), and as such was entitled to only three days' notice to quit in order to enable plaintiff to bring his action for forcible detainer. Rev. §§ 3952, 3955.

