JOHNSON v. JONES.

Johnson v. Jones.

SUMMONS : *Service.* A summons, directing the sheriff to serve the same on Harrison Johnson, was returned served on " the within-named H. Johnson." *Held* good to require the defendant to appear.

—— : *Attacking return.* A petition in equity to avoid a judgment, on the ground that the return to the summons showing due service is false, draws the return in question collaterally, and cannot be sustained.

PRACTICE : *Verification ; amendment.* A verification of a petition is not necessary in order to vest jurisdiction ; but, if defective, may be amended ; or, if wanting, may be supplied.

This was a petition in equity, filed in the District Court for Douglas County, to have a judgment declared void, and execution upon it enjoined. The record shows, that on the 6th of October, 1859, Jones commenced an action against Johnson in the District Court upon a promissory note for $943.40. The petition which he filed was not verified ; but summons was issued to the sheriff, commanding him to summon Harrison Johnson. The officer returned it duly served on " the within-named H. Johnson." The record of the judgment recites that Johnson did not appear, and that his default was taken. The judge's minutes show a demurrer filed and withdrawn. In his petition, Johnson denies that any service was made upon him, or that he appeared to the action, or that he had any knowledge of the pendency of the action or the recovery of the judgment. The answer insists that Johnson was duly served, and that the judgment was regular and valid.

On the trial, Johnson testified that he was not served with the summons ; and, in order to show that he could not have been, says, that, during the whole of the month,

JOHNSON *v.* JONES.

— namely, October, 1859, — he was absent in Indiana; and his wife confirmed this statement. But he also says, that at that time he was county commissioner of Douglas County; and the records of the commissioners, being produced, show that he was present at meetings held by them in three successive weeks in the same month. When this proof was made, Johnson admitted that he was mistaken as to the year in which he was in Indiana.

A judgment was rendered according to the prayer of the petition; and Jones appealed to this Court.

The statutory provisions on which the case turns are as follows : —

The Code, " Sect. 62. — A civil action must be commenced by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon."

" Sect. 113. — Every pleading of fact must be verified by the affidavit of the party, his agent or attorney."

" Sect. 19. — An action shall be deemed commenced within the meaning of this title, as to the defendant, at the date of the summons which is served on him. Where service by publication is proper, the action shall be deemed commenced at the date of the first publication; which publication shall be regularly made."

Revised Statutes, chap. xiii., page 49, vests in the District Courts " original and exclusive jurisdiction over all matters and suits at law and in chancery arising in each county in their respective districts," except certain cases within the jurisdiction of justices.

*E. Wakeley*, for the appellant.

I. The officer's return to the summons showing personal service cannot be contradicted. The attempt to contradict it was a humiliating failure.

JOHNSON *v.* JONES.

II. The want of a verification to the petition was not a jurisdictional fact: it could be supplied. The plaintiff must show that the petition was a nullity. If it be a petition, no matter how faulty, the suit is commenced by filing it, and causing a summons to be issued thereon. This and other like requirements are mere statutory rules of pleading, the non-observance of which may be taken advantage of in the proper way, but does not render them a nullity.

III. The whole record, taken together, shows an appearance by the defendant. The recital in the judgment that he failed to appear is not conclusive.

*Redick & Briggs*, for the appellee.

I. It is just as essential, in order to give a court jurisdiction in a cause, that the form of the proceeding be substantially such as the law directs, as that the subject-matter or the person be within the jurisdiction. *Wicks* v. *Ludwig*, 9 *Cala.*, 173, 213. Sect. 62 of the Code requires that a petition be filed in order to the commencement of an action ; and sect. 113 requires that it be verified. These imperative provisions of the Code cannot be ignored at the pleasure of the party. ·

Verification of the petition is necessary in order to constitute the paper a petition.

II. The record does not show that Johnson was served with summons. The recital in the judgment that he was " duly served " is not conclusive ; and the sheriff's return is not of service upon Harrison Johnson. If the summons and return could not be found in the case, then the presumptions which attach to the proceedings of courts of general jurisdiction would, according to some authorities, be sufficient to sustain the judgment. But here the record purports to show

just what has been done; and it is from the whole, record that we are to determine the question of jurisdiction. *McMinns* v. *Whelan*, 27 *Cal.*, 300. In this case the Court holds, that "if it appears by the record, *or otherwise*, that the Court never had jurisdiction over the person of the defendant, the judgment will be pronounced a nullity, whether it comes directly or collaterally in question, and whether the Court be of inferior or superior jurisdiction. *Coit* v. *Haven*, 30 *Conn.*, 190; *Trimble* v. *Longworth*, 13 *O. N. S.*, 431; *Ely* v. *Tallman*, 14 *Wis.*, 28; *Woodward* v. *Whitescarver*, 6 *Clark*, 1; *Bayland* v. *Bayland*, 18 *Ill.*, 551; *Gamble* v. *Warner*, 16 *Ohio*, 370; 1 *Smith's Lead. Cases*, 835.

But we are not attacking this judgment collaterally in the sense of the term used in the authorities: we attack it *directly* in the same court that undertook to render it, and really between the same parties. Were we trying title to lands, where one of the parties claimed under a judicial sale based upon this judgment, then the judgment would come collaterally in question. And so in many other instances; but not so here.

It is hardly necessary to consider the question, whether in any case a sheriff's return can be impeached, as this point does not of necessity arise in the case. We think the record impeaches itself. But Johnson testifies that he was never served with summons. Is this competent evidence? The recent cases in Wisconsin and other States hold, that, when the officer returns that he served the writ on the agent or other officer of a corporation, it is competent to show that the return is false as to the official character of the agent or officer. So, too, when the return of summons shows it was served on John Smith, is it competent to show that the John Smith whose property is sought to be taken in execution, on the judgment is not the John

9

Smith who was really served in the action. And is it not competent to show in this case that the appellee is not the "H. Johnson" who was served with the summons? Suppose an execution against the property of John Doe for ten thousand dollars, issued on a judgment rendered against him years ago; and admit the fact to be that the defendant never heard of the judgment, never owed a dollar or incurred an obligation to the alleged plaintiff, and never heard of him or the Court or the proceedings: will it be claimed that he cannot attack the return of the sheriff? Must he pay the judgment, and then sue an irresponsible sheriff and his sureties for indemnity? Justice Marcy, in the case of *Starbuck* v. *Murray*, 5 *Wend.*, 148, throws some light on this subject. 2 *American Leading Cases*, 730; *Pollard* v. *Wegener*, 13 *Wis.*, 569; *Gray* v. *Harris*, 8 *Cal.*, 592.

III. It is claimed that Johnson appeared in the case by filing a demurrer. The docket of the clerk shows this entry: "Demurrer filed. (Withdrawn.)" And the judge's docket shows in pencil this: "Dem. withdrawn. Ans. by Monday." The judgment entry shows that the defendant failed to "plead, answer, or *demur*," and that his default was entered for want of *appearance*, and not for want of answer. The judgment of the Court recites the fact that there was *no appearance;* that *no demurrer* was filed. The clerk's entry shows that there was; but it does not show *who* filed it: and we only have the judgment of the clerk that the paper filed *was* a demurrer. It might have been something else, and especially as his judgment and the judgment of the Court differ so widely. Johnson says he did not file it; that he did not appear either in person or by attorney. A judgment entry is higher evidence than a clerk's entry. *Hopkins* v. *Donaho*, 4 *Texas*, 336. If an attorney assumed to ap-

JOHNSON v. JONES.

pear for him, who was he? The record does not show, nor has Johnson any means of finding him out. Should the Court hold Johnson to the consequences of an appearance by attorney, when, in the nature of things, it is impossible for him to reach the attorney, and hold him responsible for his acts? *Simons* v. *De Bar*, 4 *Bosw.*, 547; *Kimbal* v. *Merrick*, 20 *Ark.*, 12.

MASON, Ch. J.

The plaintiff insists that he was not served with summons in the action brought against him by Jones; and that, for that reason, he is not bound by the judgment rendered therein. The return to the writ shows a service thereof upon "the within-named H. Johnson." It is conceded that the Johnson named in the writ was the plaintiff here. Had the return shown a service on "the defendant named" in the writ, or on the "within-named Johnson," there can be no doubt that it would have been good. *Grovenor* v. *Henry*, 27 *Iowa*, 269. No uncertainty is caused by the addition of the letter "H." There may have been, as the plaintiff claims, three persons named Johnson living in the same town, the initial of whose first name was H; yet, when the sheriff returns that he served that one who was named in the body of the writ, there is no possible room to doubt upon whom he made the service.

The attempt to contradict the return was a signal failure. Johnson testified on the trial that he was not served with the summons; and, as a reason for being certain of the fact, says he was not in the State at the time: but when he was confronted with the records of the county commissioners, of whom he was one, by which it appears that he was present at their meetings on three successive weeks in the month in which the sheriff re-

JOHNSON *v.* JONES.

turns that the service was made, Johnson confesses his mistake. The reason which he assigns for asserting that he was not served having failed, the allegation in proof of which the reason is given remains unestablished. The case then stands without proof to contradict the return.

This might be sufficient upon this branch of the case; but, as other and important questions were raised on the argument, they will be noticed. It is insisted, that inasmuch as this petition is filed in the same Court which rendered the judgment impeached by it, and the parties to the petition and the judgment are the same, the judgment is drawn in question directly, and not collaterally: and the rule is invoked, that, where a record is assailed by a direct proceeding, jurisdiction must appear, and will not be assumed from the fact of its exercise; while, if it be questioned collaterally, jurisdiction will be presumed, unless the record disproves it. Such undoubtedly is the rule. A party to a finding, judgment, or decree, concerning himself, prejudiced thereby, must resort to some one of the various modes provided by the law for appeal, review, rehearing, or impeachment by writ of error. *Lessee of Boswell* v. *Sharp*, 15 *Ohio*, 466; *Lessee of Irvin* v. *Smith*, 17 *Ohio*, 226; *Lessee of Newman* v. *The City of Cincinnati*, 18 *Ohio*, 323; *Lessee of Morgan* v. *Burnett*, 18 *Ohio*, 546; *Lessee of Fowler* v. *Whiteman*, 2 *Ohio State*, 270; *Spaulding and Others* v. *Baldwin*, 31 *Indiana*, 376; *Hessner* v. *Doe*, 1 *Carter*, 130; *Doe* v. *Smith*, *ib.*, 451; *Parks* v. *Moor*, 13 *Vermont*, 183; *Grise* v. *M. Landen*, 7 *Georgia*, 362; *Silsin* v. *Snyder*, 7 *S. & R.*, 171; *Cole* v. *Connelly*, 16 *Alabama*, 271; *Morris* v. *Galbrath*, ·8 *Watts*, 166. So that, when judgment is obtained by fraud, the only remedy opened to the injured party is a resort to bill in equity. *French* v. *Shotwell*, 5 *Johnson*, Ch. 555, 6 *id.*, 235; *Smith* v. *Lowry*, 1 *id.*, 332; *Demerit*

JOHNSON *v.* JONES.

v. *Lyford*, 7 *Foster*, 441 ; *Slocum* v. *Slocum*, 3 *Cranch*, 300 ; *Smith* v. *Lewis*, 3 *Johnson*, 157 ; *Rick* v. *Woodbridge*, 3 *Bay.*, 30 ; *Benton* v. *Burget*, 10 *G. & R.*, 240 ; *Granger* v. *Clark*, 22 *Maine*, 128. Or upon application to the Court upon which it was rendered. 8 *Watts*, 166.

The question remains to be determined, whether the return of the sheriff may be assailed by extrinsic evidence. Whatever the rule may be when the record is silent, it would seem clearly and conclusively established, by weight of authority too great for opposition, unless on the ground of local and peculiar statutes, that no one can contradict what the record actually avers ; and that a recital of notice or appearance, *or of a return of service* by the sheriff in the record of a domestic court of general jurisdiction, is absolutely conclusive. *Cooper* v. *Sunderland*, 3 *Clark*, 114 ; *Trimble* v. *Longworth*, 3 *Ohio State*, 431, 439 ; *Granger* v. *Clark*, 22 *Maine*, 128 ; *Cook* v. *Darling*, 18 *Pick.*, 293 ; *Light* v. *Harris*, 20 *Alabama*, 411.

In these cases last named, a similar doctrine was applied to courts of inferior jurisdiction. I am aware that it was held in the case of *Bodurtha* v. *Goodrich*, 3 *Gray*, 508, that, in the absence of personal service, a mere recital that the defendant appeared by attorney was not absolutely binding, and did not preclude the defendant from showing that the attorney was not authorized to appear ; Shaw, Ch. J., who delivered the opinion of the Court, remarking, that to hold that recital of the appearance was conclusive because the Court had jurisdiction, and the Court had jurisdiction because the record recited that the defendant had appeared, would be to reason inconclusively, and in a circle. But, in that case, it was not the record which was assailed, but the authority of the attorney to appear for the defendant: the validity of the record was admitted ; and this

case is not in conflict with the position before laid down. The soundness of the decisions cannot be doubted, when we consider that the law clothes the Court with full power to issue process and summon parties, and the sheriff with authority to serve process. The question, whether due notice was given to the defendant, and a day assigned him to appear and make defence, does not in this case depend upon the fact, whether requisite authority existed in the case, but on whether it was properly exercised; and consequently falls within the general rule, that every thing must be presumed in favor of the proceeding of a superior court, unless there is a plain excess or want of authority. The presumption that the powers committed to judicial tribunals have been properly exercised is essential to the repose of society; and the evils which must result from allowing it to be overcome by parol evidence would seem greater than the benefit that can be derived from the correction of injustice in particular instances. The case now under examination furnishes a striking example of the dangers to which the administration of public justice would be exposed by permitting a defendant to contradict and overthrow the return of the sheriff by parol evidence. Mr. Johnson and his wife no doubt honestly believed, until the mistake was made manifest by the records of the commissioners' court and of the recorder's office, that they were in Indiana at the time the sheriff returns that he served the summons on the within-named H. Johnson. The means of correcting such mistakes would seldom exist, as in this case. The requisitions of natural justice are satisfied by establishing tribunals whose duty it is to ascertain that notice has been given, and not to proceed against any one without giving him an opportunity of being heard. *Callen* v. *Ellison*, 13 *Ohio State*, 455. And public policy demands,

JOHNSON *v.* JONES.

that, when such a tribunal has pronounced judgment, its adjudication should be conclusive on the question whether the defendant was duly notified, as on any other point essential to the determination of the case. *Trimble* v. *Longworth*, 13 *Ohio State*, 431, 439. When the law invested the sheriff with the authority to serve process and make return thereof, and he returns that he has served the process, his return cannot be collaterally assailed.

It remains to consider whether the failure to swear to the petition was a jurisdictional defect. Jurisdiction is a power constitutionally conferred upon a judge or magistrate to take cognizance of and determine causes according to law, and to carry his sentence into execution. 6 *Pet.*, 591; 9 *Johnson*, 239. It is the law which gives jurisdiction; and consent of parties cannot, therefore, confer it in a matter which the law excludes. 1 *N. & M.*, 192; 3 *McCord*, 263, 280; *Cooke*, 27; *Miner*, 65; 3 *Litt.*, 332; 2 *Yerger*, 441; 1 *Comstock*, 478. But when the Court has jurisdiction of the subject-matter of the suit and the person of the defendant, and the defendant has some privilege which exempts him from jurisdiction, he may waive the privilege. See *Jurisdiction, Bouveir's Law Dictionary.* Chap. xiii., page 49, Revised Statutes, vests jurisdiction in the District Court as follows: "The District Court shall have original and exclusive jurisdiction over all matters and suits at law and in chancery arising in each county in their respective districts, except when justices of the peace have jurisdiction; and concurrent jurisdiction with said justices of the peace in cases when the demand or cause of action of the plaintiff shall exceed fifty dollars, and not exceed a hundred dollars; and shall have jurisdiction of all cases of appeal from a justice of the peace, or judge of probate: and the said judges of the District Court shall be conservators of the peace throughout the State."

JOHNSON *v.* JONES.

Sect. 62 of the Code provides, " A civil action must be commenced by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon." Sect. 63 reads, " The plaintiff shall also file with the clerk of the court a præcipe, stating the names of the parties to the action, and demanding that a summons issue thereon." Title II. of the same act, sect. 19, provides that " an action shall be deemed commenced, within the meaning of this title as to the defendant, at the date of the summons which is served upon him. When service by publication is proper, the action shall be deemed commenced at the date of the first publication; which publication shall be regularly made." It is true that this section defines when the action shall be deemed commenced under Title II., which is the Statute of Limitation. But the above sections, when construed with reference to each other and sect. 113, clearly indicate that the jurisdiction of the Court attaches to the defendant when he is legally served with summons, without regard to the defects contained in the petition. Sect. 113 provides that every pleading of fact must be verified by the affidavit of the party, his agent or attorney. It was decided in the case of *George* v. *McAvoy*, 6 *How.*, *Pr.*, that the verification is no part of the pleading. The petition in the case of *Henry O. Jones* v. *Harrison Johnson* was defective. No jurat was attached to the petition. But this defect was amendable under sect. 144 of the Civil Code, which is exceedingly broad. It provides that mistakes in any respect, in any proceeding, may be amended. This provision is as follows: " The Court may before judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mis-

JOHNSON *v.* JONES.

take in any other respect, or by inserting other allegations material to the case, or when the amendment does not change substantially the claim or defence, by conforming the pleadings or proceedings to the facts proved; and, when any proceeding taken by any party fails to conform in any respect to the provisions of this Code, the Court may permit the same to be made conformable thereto by amendment." The Code requires its provisions to be liberally construed with a view to promote its object, and assist parties in obtaining justice. *Code*, sect. 1. One of the primary objects of the Code was to prevent the rights of a suitor, or the merits of his cause, from being sacrificed to technical rules, or to omissions or mistakes: hence this section of the Code in regard to mistakes before judgment.

Is the act of attaching the jurat to the affidavit of the petition, or the swearing of the petition, a proceeding? The word "proceeding" is applicable to every step taken by a suitor to obtain the interposition or action of a court. The swearing to the petition is a proceeding; and so is attaching the jurat to the affidavit. It is clearly a proceeding by which the suitor takes steps to prosecute his action. So also is the suing out of process at the commencement of the action a proceeding, or a filing a petition in error, with process served. The term "proceeding" is used, in the section of the Code now under consideration, to distinguish all other steps taken in an action from those embraced in the term "pleading." See *Irwin and Others* v. *The Bank of Bellefontaine*, 6 *Ohio State*, pages 81, 90. If, then, the omission in the petition was amendable, it could not be a jurisdictional omission; for if the Court had acquired no jurisdiction over the defendant, or subject-matter of the action, there would be nothing upon which the amendment could operate. But we have shown, from

the statute and authority, that it was within the power of the Court to permit the amendment upon such terms as it should deem proper, if the defendant had appeared and called the attention of the Court to the omission. The affidavit to the petition was not an element of jurisdiction, without which the Court could not act. It was, at most, merely a formal part of the petition,—a preliminary form in commencing a suit; and its omission amounts to one of those irregularities which cannot be collaterally called in question, even if the proceedings had taken place before an inferior tribunal.   See *Wright* v. *Marsh Lee and Delevan,* 2 *Iowa,* 108, *Green, J.*

Judgment reversed.