### MISSISSIPPI CENTRAL R. CO *v.* JOHN DAVIS.

**Railroad Company—Eminent Domain.**

The statute gives jurisdiction to the county court to hear exceptions filed to the award of commissioners in a proceeding by a railroad company to appropriate a right of way and the transfer of such a cause to the common pleas court by consent of both parties will not give such probate jurisdiction to hear such cause.

**Jurisdiction of Court—Eminent Domain.**

The statute gives the county court exclusive original jurisdiction of proceedings by a railroad company to appropriate a right of way and no other court can exercise any such original jurisdiction. Original jurisdiction cannot be given by consent upon a court having only appellate jurisdiction.

APPEAL FROM HICKMAN CIRCUIT COURT.

October 30, 1875.

Opinion by Judge Lindsay:

The charter of the Mississippi Central Railroad Company provides that if from any cause the company shall be unable to procure by contract the necessary right of way, earth, stone, etc., wanted for the construction of its road, the county court of the county in which the property wanted is situated shall appoint three commissioners to value the same, and makes it the duty of said commissioners to ascertain the compensation to be paid to the owner, and to report the same, with a description of the property, to the county court. Upon the filing of the report of the commissioners, it is made the duty of the clerk to issue a summons against the owners to show cause why the report shall not be confirmed; and in case either the company or the owner of the property shall except to the report, a jury is to be summoned, and the questions made by the exceptions are to be tried in the county court; and from the judgment rendered in the case either party may have an appeal or writ of error to the circuit court.

Commissioners were appointed by the Hickman county court in accordance with the act; and having reported the amount of compensation to be paid by the company to the appellee for the right of way through his land, he appeared in the county court and filed exceptions, and by consent of the parties the case was removed to the Hickman court of common pleas without a trial and judgment in the county court.

A trial was had in the common pleas court, and a verdict and judgment were rendered in favor of the appellee for nearly five times as much as was reported by the commissioners, and from that judgment the company has appealed.

Counsel for the appellant insists that the common pleas court had no jurisdiction of the proceeding, and that none could be conferred by the consent of the parties.

The act creating the common pleas court provides that it "shall have original jurisdiction of all civil business by suits at law, suits in equity, motion or otherwise, and in all other matters and things of which the circuit courts of this commonwealth have jurisdiction, except that said court shall not have any criminal or penal jurisdiction; said court shall have the same appellate jurisdiction that the circuit courts of the commonwealth have in civil actions, and

traverses of writs of forcible entry and detainer." It was argued that there is nothing in this section giving the common pleas court appellate jurisdiction, and that as it had no appellate jurisdiction, no jurisdiction could be conferred upon it by consent.

There was no appeal from the county court, and we need not decide whether if the case had been tried in the county court, an appeal would be to the common pleas court. The charter gives the county court exclusive original jurisdiction of this proceeding, and therefore neither the circuit nor the common pleas court could have any other than appellate jurisdiction, unless original jurisdiction can be conferred by the consent of the parties upon a court which has by law only appellate jurisdiction. That this cannot be done is, we think, clear upon principle and authority. When a court has no jurisdiction of the subject matter of the action or proceeding, there is an entire absence of power to render a judgment; and as power for this purpose can only be conferred by law, the express consent of parties can no more confer jurisdiction upon a court created by law, than such consent can create a new court. *Lindsey, et al., v. McClelland,* 1 Bibb 262; *Banks v. Fowler,* 3 Litt. 332; *Ormsby v. Lynch,* Litt. Sel. Cas. 303.

It is true these cases were decided with reference to the jurisdiction of the general court, which was a court of special and limited jurisdiction, while the circuit and common pleas courts are courts of general jurisdiction. But in proceedings like this, the jurisdiction of the circuit court, as well as of the common pleas court (if the latter has any), is special and limited; i. e., it is appellate only. That original jurisdiction cannot be enforced by consent upon a court having only appellate jurisdiction in the particular case, was in effect decided in *Davis v. Davis,* 10 Bush 274.

As the common pleas court had no jurisdiction, it is unnecessary to consider other questions presented in argument. The judgment is *reversed,* and the cause remanded with directions to set aside the judgment, and to remand the case to the county court.

*J. M. Bigger, Steel & Steel, for appellant.*
*E. G. Bullock, for appellee.*