*W. T. Simmons, for appellant.*

## S. B. KELLY v. H. B. KELLY.

Judgment in Quarterly Court on Purchase-money Note — Injunction — Failure of Title.

In a suit to enjoin the collection of a judgment in a quarterly court on a purchase-money note, on account of the failure of title, it is proper to obtain the order for the injunction in a quarterly court, as no other court has jurisdiction, and the case should then be transferred to the Circuit Court, as the title to the land is involved.

Premature Action — Equity.

Even if the petition be regarded as premature, yet as it shows a present equity it will be sustained.

APPEAL FROM ESTILL CIRCUIT COURT.

June 6, 1866.

OPINION OF THE COURT BY JUDGE MARSHALL:

As the petition of S. B. Kelly alleges that H. B. Kelly has no title to the land for which the note on which the judgment was rendered had been executed, and also alleges that said H. B. Kelly is insolvent, there is equitable ground for suspending the coercion of that judgment by injunction, although the time for conveying the land has not yet arrived, and as the judgment on the note was rendered by the quarterly court, and by section of the Code, it could be enjoined by no other court. It was proper to file the petition and obtain the order for the injunction in tnat court, and the fact that the case on the petition involves the title to land which, by section 25 of the Code, is not to be effected by any judgment of the quarterly court, made it proper that the case should be transferred to the Circuit Court.

Thus far, therefore, there was no error in the proceeding; but, as already said, the petition contains equitable ground for an injunction, temporary at least, and although the prayer that the

contract be specified, executed if the defendant has title, or that if he has no sufficient title it be rescinded, cannot, at once, be granted. It may be understood as referring to the period which will come during the present year, when, according to the terms of the contract it should be completely executed by full payment on the one side, and the conveyance of a good title on the other.

Even if the petition for the mere purpose of an execution or rescission of the contract might be regarded premature, yet, as it shows a present equity for an injunction, as well as probably giving no ground for the future action of the court in behalf of the plaintiff, we are of opinion that the Circuit Court erred in sustaining the demurrer to it.

Wherefore, the judgment is reversed and the cause remanded, with direction to overrule the demurrer to the petition, and for further proceedings not inconsistent with this opinion.