JUDGE PRYOR
delivered the opinion oe the court.
The Code of Practice provides the manner in which appeals are to be taken from judgments of justices of the peace, and this mode must be followed.
If the case had been transferred from the justice’s or quarterly court, without a trial in either, upon an agreed state of facts, and the circuit court had rendered a judgment, this court might have sustained it; but for no other reason than that the parties had consented to the award.
The question presented in this case is, can the circuit court be compelled or required to entertain jurisdiction of such cases as may be presented by the parties upon an agreed state of facts, or upon a cause of action transferred from the quarterly court, when there has been no final disposition of the case in the latter court, or proceeding in the mode designated by the Code. If so, all judgments or trials in an inferior court can be dispensed with, and the circuit court required, notwithstanding the provisions of the Code, to assume original jurisdiction for no other reason than that the parties to the controversy had given their consent to dispense with the ordinary and proper proceeding in such cases. Such a proceeding is not sanctioned by any rule of practice, and if permitted would fill the docket of the circuit court with a character of litigation that belongs to an inferior tribunal, created as much for relieving the circuit court of such a burden as to facilitate the administration of justice.
In this case the appeal had been taken from the justice’s court to the quarterly court; and without any trial in that court the ease, by an agreement of parties, was transferred to the circuit court, and the latter acted properly in refusing to entertain .the jurisdiction and in dismissing the proceeding.
It is proper to add that the justice had jurisdiction to *276 enjoin the judgment. If that court had the power to render the judgment, it had the power to enjoin its collection, although by reason of the accrued interest and costs the amount exceeded fifty dollars.
Section '314, Civil Code, provides “that no injunction shall be granted to stay proceedings on a judgment or final order of a court in any other court than that in which the judgment or order was entered or made.” This section applies as well to justices’ courts as to the circuit court.
Judgment affirmed.