JUDGE ELLIOTT
delivered the opinion oe the court.
This is a suit in equity, brought in the Daviess Circuit Court, to enjoin a judgment rendered against appellant in the Daviess Quarterly Court, and the only question presented by this record is whether the Daviess Circuit Court had jurisdiction to enjoin said judgment.
Section 314 of the Civil Code provides that “an injunction to stay proceedings on a judgment or final order of the court shall not be granted in an action brought by the party seeking the injunction in any other court than that in which the judgment or order was rendered or made.” It will therefore be seen that the said section is imperative.
It is true that, by section 846 of the Civil Code, when an execution which issued from a judgment of an inferior court has been returned, in whole or in part, no property found, the plaintiff may obtain from the proper office of the inferior court a certified copy of the judgment execution and return, and file the same in the clerk’s office of the circuit court of the county in which the judgment was rendered, and thereupon the clerk shall issue executions on the judgments, which shall be levied, and proceedings had thereon in the same manner as proceedings had on executions issued on judgments of the circuit court. But this does not make the judgment of the inferior court the judgment of the circuit court. The circuit court makes no order and renders no judgment in the case, and the record can be filed with the clerk when no *361 court is sitting, because the circuit court has nothing to do with it.
On an execution which emanated from a justice, or quarterly court, the officer could only levy for its satisfaction on the personal property of the defendant therein; and the object of section 846 was to enlarge the remedy of the creditor by lodging the record of his judgment in the office of the circuit court clerk, so that a fi. fa. could issue and be delivered to the sheriff and be levied on all the estate of his debtor subject to execution, whether consisting of real or personal estate; but this provisiou of the law was not intended and did not make the judgment of the inferior court the judgment of the circuit court.
Judgment is therefore affirmed.
Judge Pryor dissents from this opinion.