CASE 35—PETITION EQUITY—OCTOBER 6.

## Mallory v. Dauber's Ex'r.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. EXECUTIONS—LIENS—SUBSTITUTION.—An execution defendant, at the time the execution was placed in the sheriff's hands, owned real estate, subject to mortgage liens, amounting to $15,000. Before the execution was levied appellant, a stranger to the execution, purchased the property for $6,000, paid to the mortgagees. They released their liens for his benefit, but did not assign the mortgage or mortgage notes. The execution was then levied on the property as the absolute property of the defendant.

   *Held*—That appellant is not entitled to be substituted to the liens of the mortgagees, except to the extent of the amount paid by him.

2. INJUNCTIONS—JURISDICTION.—Section 285 of the Code, which provides that "an injunction to stay proceedings on a judgment shall not be granted in an action brought by the party seeking the injunction in any other court than that in which the judgment was rendered," applies not only to the party against whom the judgment was rendered, but to all parties who seek to stay proceedings on the judgment.

3. THE LOUISVILLE CHANCERY COURT has no authority to grant an injunction to stay proceedings on a judgment of the Jefferson Court of Common Pleas.

4. DAMAGES ON DISSOLUTION OF INJUNCTION.—Although an injunction to stay the sale of land under an execution issued from the Jefferson Court of Common Pleas was improperly granted by the Louisville Chancery Court, yet as the plaintiff in the injunction had an equity against the defendant, and a resort to the Chancellor was necessary, the Chancery Court had the power to give mere nominal damages upon the dissolution of the injunction; but that

court having failed to dissolve the injunction, this court will not reverse on the cross-appeal for that error alone, in order that the lower court may determine the damages the defendant is entitled to.

·5. EXECUTION LEVY—EFFECT OF INJUNCTION BOND.—An injunction bond to the effect that if the injunction is dissolved the plaintiff will have the property levied on, or its value, forthcoming, to satisfy the order of the court, does not release the execution levy. A bond to satisfy the execution, in the event the injunction is dissolved, is the bond that discharges the levy, and the remedy, in such a case, is on the bond and not by a sale of the property upon which the levy was made.

E. E. McKAY FOR APPELLANT.

1. The judgment should have perpetuated the injunction, without sale or further order, because the execution was not levied subject to the incumbrances, as it should have been levied. (Act of 1828, 1 Stat. Laws, 653; 1 Rev. Stats., page 327; General Statutes, pages 256, 435; Forest v. Phillips, 2 Met., 197; Campbell v. Woolridge, 6 Bush, 324; Atkins v. Emerson, 10 Bush, 12.)

·2. If a sale is made appellant is entitled to the full benefit of the liens released to him, and not merely to the extent of the amount paid by him for them. (Addison v. Crow, 5 Dana, 276; General Statutes, page 256; Mosier's Appeal, 56 Pa. St., 76; Valle v. Fleming's Heirs, 29 Mo., 162; Peltz v. Clarke, 5 Peters (U. S.), 483.)

:3. The Louisville Chancery Court has jurisdiction to enjoin proceedings on a judgment of the Jefferson Court of Common Pleas. (Bullitt's Code, sections 17, 768, 777; Myers' Code, section 314; Myers' Supplement, pages 560, 770; Rudd v. Woolfolk, 4 Bush, 559.)

·4. The bond executed by appellant did not discharge the levy. (Subsections 1 and 3, section 278, Civil Code.)

R. W. WOOLLEY, JAMES HARRISON FOR APPELLEE.

.1. The releases by the mortgagees re-invested the title in the mortgagor, and enlarged the estate subject to the execution lien. (Dengman v. Randall, 13 Cal., 512; Stearns v. Godfrey, 16 Maine, 162; Campbell v. Carter, 14 Ill., 286; Boyd v. Parker, 43 Md., 208; Gannor v. Eldridge, 1 Greenleaf, 145; Woollens v. Hellen, 9 Gill. (Md.), 192; Somers v. Skrivner, 3 Pick., 55.)

·2. A volunteer purchaser will not be subrogated to the rights of mortgagees whose debts he voluntarily pays. (3 Paige, 117; Sandf., 384; 8 Leigh, 588; 10 Sergt. & R., 399.)

·3. The Louisville Chancery Court had no jurisdiction to enjoin proceedings on a judgment of the Jefferson Court of Common Pleas. (Civil Code, section 285.)

Mallory v. Dauber's Ex'r.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

L. S. Hardin, for the purpose of securing several of. his creditors, executed to them a mortgage on his real estate in the county of Jefferson, the mortgage debts amounting to near $15,000.

The appellee, a judgment creditor, had an execution issued on his judgment, and while in full force placed it in the hands of the sheriff of Jefferson county.

The appellant, Mallory, after the execution came to the officer's hands, by some arrangement with the mortgagees and the debtor, purchased the realty for six thousand dollars, the mortgagees releasing their liens for the balance of their mortgage debts. After the release was entered, the judgment creditor levied his execution on the realty, or, perhaps, had levied it before the release (but whether before or after is immaterial), and proceeded to sell the property to satisfy his debt. The judgment was rendered in the Common Pleas court, and the appellant, Mallory, claiming to be the absolute owner, obtained an injunction from the Chancellor staying proceedings on the judgment sought to be enforced until the matters alleged for his injunction could be heard and determined.

The lien in behalf of the execution creditor existed prior to the purchase by the appellant, and, therefore, remained in force until the land was sold, or some act done by the plaintiff in the execution or the sheriff that released it. No such state of case has been made to appear, but, on the contrary, while the execution creditor was attempting to enforce his judgment, the appellant made his purchase, and when the actual

vol. 83.—16.

levy was made had obtained his deed.    He was a pur--
chaser in contemplation of law, with notice of the
lien by the appellee, and bought subject to it.

When the property was sold or the levy made, all
the mortgage had been released except six thousand
dollars, the amount of the purchase by the appellant.
The release was made in the ordinary way by an entry
on the margin of the deed book releasing the lien.
The mortgage lien had then been reduced to six thou-
sand dollars, and, therefore, the execution creditor
could have sold subject to that lien.    It is urged, how-
ever, by the appellant, that inasmuch as the lien for·  ·
fifteen thousand dollars existed when the execution
lien was created, therefore the sale should have
been made subject to the lien for the entire amount.
If the debtor had satisfied the debt except six thou-
sand dollars, or the creditor before the sale had re-
leased his lien except as to the six thousand dollars,
we know of no rule of law or equity that would re-
quire the unsecured creditor to sell subject to a lien
that did not exist.

The appellant maintains further that the release.
was for his benefit, and doubtless such was the case.
He was not aware of the execution lien, or, if so,
failed to provide against its effect.   The appellant.
did not purchase the notes from the mortgagees.
There was no assignment from them to the appellant.
of the balance of the claim, nor is there any proof
showing that he was to have the benefit of the claims
in any way.    It was an absolute unconditional re-
lease of the lien with the notes doubtless surrendered
to the original debtor.   The mortgagees have not tes-

tified in the case, and the only witness is the appellant, who says the release was for his benefit. This must have been the case so as to give him a perfect title, but it is not pretended or proved that he became the owner of the balance of the indebtedness, or that he is now the owner. The mortgagees agreed that they would release their lien if he would pay to them six thousand dollars, and this they did.

We see no escape from the judgment below giving to the appellant a prior lien for the amount paid the mortgagees, and then permitting the execution cred - itor to assert his lien, or, in other words, selling the land first to satisfy the amount paid by appellant on the mortgage debt, and then to satisfy the debt of the execution creditor. The appellant having paid six thousand dollars of the mortgage debt by an agree- ment between the parties was entitled to be substituted (to that extent) to the rights of the mortgagees. There being no assignment of the notes and no transfer of the mortgage for the benefit of the appellant, the judg- ment must stand on the original appeal.

The appellant did not release the levy of the execu- tion by his injunction bond, as the condition of the bond was to the effect that if the injunction was dis- solved he would have the property or its value forth- coming to satisfy the order of the court. A bond to satisfy the execution in the event the injunction is dissolved discharges the levy, and the remedy is on the bond and not by a sale of the property upon which the levy was made. (Civil Code, section 278.)

On the cross-appeal of the appellee it is argued that the Vice Chancellor had no power to grant an

injunction to stay proceedings upon a judgment rendered by the Common Pleas court. Section 285, Civil Code, provides: "An injunction to stay proceedings on a judgment shall not be granted, in an action brought by the party seeking the injunction, in any other court than that in which the judgment was rendered."

This is a comprehensive provision, and applies not only to the party against whom the judgment was rendered, but to all parties who seek to stay proceedings on the judgment, and if not in this case, the lien of the appellee existed before the appellant became the owner, and while the appellee was endeavoring to enforce his lien and had placed his execution in the hands of the sheriff the appellant interposed as purchaser and claimed the absolute estate.

We have not been cited to any provision of the Code by which the Chancellor or the Vice Chancellor can, by a proceeding in his court, enforce the collection of a judgment rendered in the Common Pleas court, and, therefore, the injunction should have been dissolved. The appellant, however, was properly in a court of equity in order that the liens asserted by himself and the execution creditor might be adjusted. The lien of each was claimed to be prior in date, or, in fact, each claimed to hold the property regardless of the lien the other asserted.

It is evident, however, that the appellant by his purchase became entitled to the lien of the mortgagees to the extent that he had paid the mortgage debt, and the common law judge could not, in a controversy between him and the execution creditor, have

substituted the appellant to the rights of the mortgagees, and the execution creditor claiming his right to sell the entire property, a resort to the Chancellor was the remedy to be adopted by the appellant. If, therefore, the appellant had an equity as against the appellee, although the injunction was improperly granted, the court had the power to give mere nominal damages on its dissolution; but having failed to dissolve the injunction, this court will not reverse on the cross-appeal for that error alone, in order that the court below may determine the damages the appellee is entitled to recover. The Code provides:

"If the collection, payment or use of money be enjoined, the damages may be any rate per cent. on the sum released by the dissolution which, in the discretion of the court, may be proper, not exceeding ten per cent." This discretion is not arbitrary, but in determining the equitable rights of the parties, and the necessity of resorting to a court of equity for relief, the fact that the Chancellor had no power to grant the injunction does not require him to lose sight of the equities between the parties, in order that he may award damages on the dissolution of the injunction.

The damages in this case should have been nominal only, and, therefore, the judgment is affirmed on the original and cross-appeal.