CASE 51—PETITION EQUITY—OCTOBER 21.

# C., O. & S. W. R. R. Co. v. Reasor, &c.

84  369
118  715

84  3.59
123  .422

### APPEAL FROM MEADE CIRCUIT COURT.

AN INJUNCTION TO PREVENT THE SALE OF PROPERTY UNDER EXECU
TION can not be granted except by the court which rendered the
judgment upon which the execution issued, section 285 of the Code
not being confined in its application to cases where the validity of the
judgment is attacked. Therefore, the circuit court has no jurisdiction
to enjoin the sale of property under an execution issued upon a judgment rendered in the court of a justice of the peace.

HOLMES CUMMINS AND P. H. DARBY FOR APPELLANT.

The purpose of the injunction in this case was to prevent a threatened
trespass upon appellant's property, and not to stay *proceedings* under
the judgment or execution. Therefore, section 285 of the Civil Code
does not apply.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The Chesapeake, Ohio and Southwestern Railroad
Company instituted this action in the Meade Circuit
Court to enjoin the defendants, Wooldridge, who had
recovered against it, in the court of a justice of the
peace of that county, judgment for $9.50, and Reasor, a
constable, who had levied an execution, issued thereon,
upon certain personal property of the plaintiff, from any
further proceeding, or from seizing, removing, selling, or
in any manner interfering with the possession or use of
the property. And the circuit court, having sustained a
demurrer to its jurisdiction, dismissed the action and
dissolved the temporary injunction, the plaintiff appealed to the Superior Court and thence to this court.

It seems to us there is no room for doubt as to the
intended application or meaning of section 285 of the
Civil Code, which is as follows: "An injunction to stay

proceedings on a judgment shall not be granted in an action brought by the party seeking the injunction in any other court than that in which the judgment was rendered."

In Kelly v. Kelly, 2 Duvall, 363, it was held that, notwithstanding the note on which the judgment was rendered was given for land, and the equitable ground of want of title in the vendor existed for suspending the coercion of the judgment, nevertheless it could be enjoined by no other than the quarterly court in which the judgment was rendered.

In Davis v. Davis, 10 Bush, 274, it was held that section 314 of the former Code, identical with section 285 quoted, applied to courts of justices of the peace, and circuit courts had no power to enjoin proceedings on their judgments.

In Neeters v. Clements, 12 Bush, 359, it was held that even where, under section 846 of the former, which is similar to section 723 of the present Code, an execution had been issued by the clerk of the circuit court on a judgment of a quarterly court and levied on real estate, the circuit court had no jurisdiction to enjoin such execution, the power to do so being alone in the court that rendered the judgment. And it was so decided at the present term of this court in McConnell v. Rowe (MS. Op., Oct. 9, 1886), when the same question was presented.

But it is argued that the relief sought in this action does not involve an attack on the judgment of the justice of the peace, nor denial of the right of the plaintiff therein to have it enforced, the object being simply to set aside the particular levy on property not subject to

execution, and to prevent a sale in virtue of it. Nevertheless, the effect of the injunction would be to indirectly invalidate the judgment, and, to some extent, impair its efficacy. But as the mode by which a judgment may be vacated, reversed or modified is elsewhere in the Code provided, the inhibition contained in section 285 was manifestly intended, as it does in terms, apply not to the judgment itself, but to *proceedings* thereon.

The injunction authorized by the Code is, as defined in section 271, "a command to refrain from a particular act;" and it seems to us clear, that whatever ministerial act is provided or authorized by law to be done to coerce payment or satisfaction of a judgment, is, in the meaning of section 285, a proceeding on the judgment. For if the issuance of the execution, and the levy and sale of property to satisfy it, are not, we are at a loss to say what are the proceedings on the judgment referred to. And if another than the court which has rendered a judgment may command an officer to refrain from the act of levying an execution issued on it, or from the act of making sale of the property, it may as well enjoin the issuance of the execution, or any other proceeding necessary to the enforcement of the judgment.

In our opinion, the demurrer to the jurisdiction of the court was properly sustained, and the judgment is affirmed, with damages.