## FELNER v. WILSON.

Decided November 14, 1891.

*Chattel mortgage—Sale by mortgagor.*

> A mortgage of a stock of goods is not invalidated by a provision that the
> mortgagor shall retain possession of the property as agent of the mortga-
> gee until the debts secured are due, and in the mean time sell the property
> at its fair market value and pay the proceeds toward the extinguishment
> of the debt secured.

APPEAL from *Washington* Circuit Court.

JAMES M. PITTMAN, Judge.

On January 11, 1889, the firm of J. H. Williams & Co.,
druggists, executed to Joel Wilson and B. F. Williams a
mortgage on all their stock of merchandise and accounts
to secure the latter against liability, as sureties for the
former, upon two notes aggregating $1500. The mortgage
provided : "Now if said debts, notes and demands are fully
paid off, discharged and satisfied within ninety days from the
date hereof, then this conveyance shall be void; otherwise
to remain in full force and virtue and effect.  *  *  *  And
it is understood and agreed that the said grantors retain the
said property, goods and chattels for the period of ninety
days from the date hereof, to sell any part thereof at its fair
market value, and to pay the proceeds arising out of such
sale " to the extinguishment of the two notes before men-
tioned.

Appellants, being creditors of the firm, procured judg-
ments and had executions levied on the stock, and on the 2d
day of April, 1889, the bill in this case was filed by the
mortgagees to enjoin the sale of any of said goods under
such judgments and executions, and to enforce their prior
lien. The answer alleged that the mortgage was void, as
having been executed to hinder and delay creditors.

The evidence showed that the firm of J. H. Williams &
Co. continued in possession of the stock after execution
of the mortgage, carried on the business just as they had.

before, advertised the business, replenished the stock, sold on a credit and for cash, paid the proceeds for running expenses, clerk hire and rent, paid some out to other creditors on debts contracted prior to the mortgage, paid some to members of the firm as salaries, and otherwise applied the proceeds of the sale of the mortgaged property.

The court held the mortgage valid on its face and prior to defendant's execution lien, found that the mortgagors had misapplied funds derived from the proceeds of the sale of the mortgaged property amounting to $620.25, directed that plaintiff's prior lien be reduced by that amount, and decreed that their mortgage be foreclosed, and the injunction made perpetual. The execution creditors have appealed.

*B. R. Davidson* and *S. Gregg* for appellants.

The mortgage was void upon its face. It clearly shows an intention that the business should continue, and that the goods might be sold on a credit. The mortgagors remained in possession and continued business as before, paying expenses, their *own salaries*, etc., and nothing on the mortgage debt. 46 Ark., 122; Herman, Ch. Mortg., pp. 234–5; 19 N. Y., 123; 39 Ark., 325; 31 *id.*, 666.

*J. D. Walker* for appellees.

The mortgage was valid. No interest was reserved to the mortgagors. A mortgage which permits the mortgagors to retain possession and sell is not unlawful or fraudulent if the proceeds are to be paid to the mortgagee or applied to the mortgafie debt. 91 N. Y., 214; 24 *id.*, 359; 28 *id.*, 369; 32 *id.*, 293; 22 Wall., 524; 57 Mo., 404; 17 Iowa, 89; 20 Ohio St., 110; 5 Am. Rep., 630; 20 Me., 407; 28 N. Y., 360; 13 Pac. Rep., 569.

COCKRILL, C. J. The fair construction of the mortgage in this case is that the mortgagors held possession of and sold the mortgaged chattels as agents of the mortgagees. It is settled that such a provision does not avoid a mortgage. *Gauss* v. *Doyle*, 46 Ark., 122; *Gauss* v. *Orr, ib.*, 129; *Fink* v. *Ehrman*, 44 Ark., 310.

The question whether the mortgagees' possession was *bona fide* or fraudulent, that is, whether they held for themselves or as agents of the mortgagees, was determined by the chancellor in favor of the mortgagees upon testimony against which there is not a preponderance of evidence, and we decline to disturb it.

Affirm.