ROBBERSON ET AL. VS CROW.

Opinion delivered October 26, 1899.

1. *Injunction—Void Judgment—Jurisdiction.*

A judgment rendered by a U. S. commissioner against a defendant who entered no apearance, and on whom no service was had, is void; and a court of equity has jurisdiction to enjoin the execution of such judgment.

2. *Master's Findings—Weight and Consideration—Judgment.*

The findings of the master are specific, based upon a full and careful examination of the case, and the same are entitled to as much weight and consideration as the finding of a jury. Unless it appears affirmatively that the findings are clearly wrong, the court will not disturb the judgment based on the report of the master.

3. *Amendment—Not Considered Unless Before Court Below.*

When, on appeal from a decree enjoining the execution of a judgment in an action wherein no service was had on the defendant therein, there is inserted in the record an amended return on a summons showing service thereof, but which amended return was not before the commissioner in the original trial, nor before the master in the injunction suit, and which the court in the latter suit refused to permit to be filed, such amended return cannot be considered in the appellate court.

Appeal from the United States Court for the Southern District.

C. B. KILGORE, Judge.

Suit by Francis H. Crow, as special administrator of the estate of A. L. Crow, deceased, against W. F. Robberson and others. Decree for plaintiff. Defendants appeal. Affirmed.

Having examined with some care the entire record in this case, we think the findings of the master, which are in part found on pages 101 to 104 of the transcript of the record, give, with some slight exceptions, a fair and concise statement of the material facts presented by the record. The said findings are as follows: "That the defendant W. F. Robberson instituted a certain action of replevin for the recovery of a certain yoke of oxen of the value of $30, and $5 for damages, against the said A. Crow, in the United States commissioner's court at Paul's Valley, on the 18th day of July, 1895; that said affidavit filed by said Robberson in said suit alleged ownership of said oxen, and that the said A. Crow unlawfully detained said oxen under the false claim of being the owner thereof, with other usual allegations necessary to get an order of delivery, etc.; that on the same day a summons and order of delivery in said cause was issued by said commissioner, and placed in the hands of the defendant Charles F. Worley, constable; that the said constable, with the defendant Wirt Randolph, proceeded to serve said process upon A. Crow, and in doing so Crow informed Worley that he was not the party who had the oxen in controversy,—that Dave Crow had the oxen; that said A. Crow handed the copy of process back to said constable, who received the same, and the constable stated to said A. Crow that the action was wrongfully brought against him (A. Crow), and that he would have it corrected so as to be against Dave Crow; that said constable and Randolph returned to the said Robberson's place of business, and there the said constable, at the instance, I infer from Worley's evidence, of Robberson, and perhaps Randolph, reluctantly mutilated and destroyed said process as a legal instrument by careful erasure of the name of A. Crow wherever it appeared in and on said summons and order of delivery, and substituted therefor the name of one Dave Crow, who theretofore was not a party to said replevin action; that the said

constable turned the said mutilated and altered process over
to the said Randolph, and deputized him to serve the same
as a 'special officer,' whatever that may mean; the said Randolph proceeded to said Dave Crow's place of residence, and
there served the said mutilated and altered process, by copy
of same, on Dave Crow, by leaving said copy with Dave
Crow's mother; that this occurred on the 22d day of July,
1895; that said mutilated and altered process was returned
to said commissioner's court on the 31st day of July, 1895,
indorsed and showing service upon said Dave Crow, signed
by said Randolph; that on the 8th day of August, 1895,—the return day of the said process,— the said cause came on for trial;
that the said Robberson was present in person and by his attorney, L. C. Andrews, Esq., and the said Dave Crow was
present in person and by his attorney, S. Heard, Esq.; that
the said A. Crow was not present either in person or by attorney; that by agreement of said parties before the court
the said cause was continued to September 3, 1895; that on
the 15th day of August, 1895, the said commissioner issued
on said affidavit an alias summons and order of delivery, returnable on the 3d day of September, 1895, and placed it in
the hands of said constable; that said constable, on the said
3d day of September, 1895, returned said alias process indorsed 'Not served;' that on the 3d day of September, 1895,
said cause came to be heard; the plaintiff and his said attorney, L. C. Andrews, Esq., and the said Dave Crow and his
said attorney, S. Heard, Esq., were present; that said A.
Crow was not present either in person or by attorney; that
said cause was by agreement of the said parties present, continued to the 4th day of September, 1895; that on the 4th
day of September, 1895, said replevin cause came on for trial
before the said commissioner, a jury being waived; that the
said Robberson was present in person and by his attorney,
said Andrews, Esq., and the said Dave Crow was present in
person and by his attorney, the said Heard, Esq.; that the

said A. Crow was not present either in person or by attorney; that said cause was then tried, and, the said oxen not having been seized by said order of delivery, the said commissioner rendered judgment in personam in favor of said Robberson against the said A. Crow and the said Dave Crow for $30, the value of said oxen, and $5 for detention of same, and costs amounting to $15.05; that execution issued upon said judgment, and was placed in the hands of said Randolph, who levied the same upon twenty-five head of cattle, of the value of $453, the property of the said A. Crow; that said levy was quashed, and an alias execution issued on said judgment, and was placed in the hands of said constable, and was levied upon ten head of steers, selected from said herd then in the possession of the said Randolph, and of about the value of $200; that the residue of said herd, fifteen head of cattle, were redelivered to the said A. Crow; that the said constable was preparing to sell the said ten head of steers in satisfaction of said judgment, when he was stopped by the filing of the action in equity herein by the said A. Crow, and the issuance of the temporary restraining order by your honor, and the service of the same upon the said constable. I further find by a great preponderance of the evidence, connected with the fact that commissioner rendered judgment against both A. Crow and Dave Crow, when there is not a particle of evidence showing that said parties were at the time co-partners or joint claimants in said oxen, or in any other business, that the said A. Crow had a valid and meritorious defense to said replevin action; that he did not falsely claim to be the owner of said oxen, and did not wrongfully detain them from the said Robberson; and the said Dave Crow did falsely claim said oxen, and did wrongfully detain them from the said Robberson. As to proof of damages,—the only item in the complaint specifically denied in the answer,—I further find from the evidence that, while the said A. Crow was greatly vexed and annoyed by the levy

(13)

of said execution and alias execution and in being dispossessed of his cattle, he was not seriously injured and damaged thereby, beyond a nominal sum. But as the defendants in their answer, claim damages in the sum of $50, I find the only damages which they seek to recover is a judgment rendered in the commissioner's court, which was in favor of only one of the defendants in the action in said court, and cannot be a measure of damage in the cause herein, and there is no other proof before me relative to said alleged damages." Based upon said findings of fact, the master reports his findings as to matters of law and equity, which are as follows: "(1) That, as special administrator of A. Crow, deceased, the plaintiff is entitled to judgment and decree in this cause. (2) That said A. Crow, deceased, had no adequate remedy at law. (3) That the said A. Crow, deceased, had a valid and meritorious defense to the said replevin action. (4) That said judgment in said commissioner's court was void as to A. Crow. (5) That the plaintiff, as special administrator of A. Crow, deceased, is entitled to a judgment in this cause for nominal damages. (6) That said judgment in said commissioner's court is void, and should be vacated, as to the said A. Crow, deceased. (7) That said temporary restraining order issued in this cause at the beginning of the action should be made perpetual. (8) As to further finding of law and equity, exclusive of the foregoing findings of law, equity, and fact, I also find that the plaintiff, Francis H. Crow, as special administrator, is entitled to judgment and decree in this cause against the defendants upon the pleadings in this cause. See subsections 1, 2, § 5033, p. 985, Mansf. Dig,; section 5072, 'Rules for Pleading,' Id.; section 5073, p. 990, Id. [subsections 1, 2, § 3238, p. 550, Ind. T. Ann. St. 1899; section 3277, "Rules for Pleading," Id.; section 3278, p. 556, Id.] (9) That the plaintiff, as special administrator of the said A. Crow, deceased, should have and recover of and from the defendants W. F. Robberson, Wirt

Randolph and Charles F. Worley, the defendants, all costs
in and about this cause laid out and expended.    The prem-
ises considered, I therefore recommend judgment and decree
accordingly.    [Signed]  J. L. Abernathy, Special Master in
Chancery."

*L. C. Andrews* and *J. B. Thompson*, for appellants.

*J. F. Sharp*, for appellee.

TOWNSEND, J.    The plaintiff below, A. Crow, filed
his complaint in equity on December 20, 1895, against the de-
fendants below, appellants here, to restrain the collection of
a judgment as against him rendered by J. B. Thompson, a
United States commissioner, on the 4th day of September,
1895, in favor of W. F. Robberson.    It appears that Robber-
son instituted an action of replevin before said commissioner
on July 18, 1895, against the said A. Crow, procuring an or-
der of delivery and a summons to issue. and placed same in
the hands of Charles Worley, a constable, and one of the
appellants herein, for service; that Worley served the same
by handing  copy of writ to said A. Crow; that Crow re-
quested said Worley to read same to him; that Worley did
so, whereupon said A. Crow informed Worley that he was
not the party who had the oxen mentioned in the order of
delivery,—that Dave Crow had the oxen; that Crow then
handed the copy of process back to the constable, Worley,
who received same, and stated to the said A. Crow that the
action was wrongfully brought against him (A. Crow), and
that he would have it corrected so as to be against Dave
Crow, whereupon the said constable, Worley, erased the name
of A. Crow wherever it appeared in and on said summons
and order of delivery, and substituted the name of Dave
Crow, who theretofore was not a party to said replevin ac-
tion; that said constable then turned the papers over to
Wirt Randolph, one of the appellants, and deputized said

Randolph as a "special officer" to serve the same on Dave Crow. Randolph served a copy of said order of delivery and summons, as the same had been changed, on Dave Crow, by leaving the same with the mother of said Dave Crow, at the place of residence of said Dave Crow. Said service upon Dave Crow was made on July 22, 1895, and the return was filed in the commissioner's court on July 31, 1895, and is in the words and figures following, to-wit:

"Indorsed: Robberson, Indian Territory, July 22, 1895. I certify that I served the within writ on the 22 of July, 1895, by leaving a copy with the defendant's mother at his house, on the 22 day of July, 1895. [Signed] Wirt Randolph."

"No. ——. Commissioner's Court. Order of Delivery. W. F. Robberson vs, A. Crow. Issued the 18 day of July, A. D. 1895. Returnable the 8 day of August, A. D. 1895. J. B. Thompson, U. S. Commissioner.

"I hereby appoint Wirt Randolph to serve the within process. [Signed] C. F. Worley, Constable."

On the 8th day of August—the return day of process—Dave Crow appeared in person and by attorney; also Robberson, the plaintiff, in person and by attorney; and the case was continued until September 3, 1895. A. Crow was not present in person or by attorney. On August 15th an alias order of delivery and summons was issued, and on September 3d the constable returned the same not served. On the 3d of September the case was continued by agreement to the 4th of September,—Dave Crow and Robberson being the only parties present—when they again appeared, and the case was tried by the commissioner without a jury, and judgment rendered by him for the value of the oxen, damages, and costs against A. Crow and Dave Crow. It appears that the oxen were not taken under the order of delivery, and the judgment was personal. But it nowhere appears by any

return whatever that A. Crow had ever been served with process, and it further appears that A. Crow was never present in person or by attorney. The attorney who represented Dave Crow made the following affidavit on December 19, 1895, and subsequently swore to the same in a deposition taken before the master in this case. The affidavit is as follows:

"S. Heard, being of lawful age, and first duly sworn, upon his oath states: That he is and was during the months of August and September, 1895, a regular practicing attorney in the town of Paul's Valley, I. T., and as such attorney was employed by one Dave Crow to defend a certain replevin suit which previous thereto had been instituted by W. F. Robberson in the United States commissioner's court in and for the Second division of the Southern district of the Indian Territory. That during the trial and the pendency thereof affiant represented only the defendant Dave Crow, and did not in any manner represent or have any authority to represent A. Crow. That at the time the said action was finally tried, as well as the time when the same was first set for hearing, the said A. Crow was not present, either in person or by attorney. Witness my hand this, the 19th day of December, 1895. [Signed] S. Heard.

"Subscribed and sworn to before me this, the day and year last aforesaid. [Seal.] Joseph W. Phillips, Clerk, by C. P. Bruce, D. C."

The question, therefore, presented in this record is whether a judgment rendered by a commissioner, where it appears there was no service of process whatever, and no appearance in person or by attorney, can be enjoined, when he alleges he would have had a meritorious defense had he known that any suit was being prosecuted against him. The plaintiff A. Crow died about April 1, 1896, intestate, and the suit was revived in the name of Francis H. Crow, as special

administrator, at the November term, 1896. The appellants submit six assignments of error, which are as follows: "First. Because the court has no jurisdiction to grant the relief prayed. Second. Because the complaint of the plaintiff does not state facts sufficient to entitle him to the relief for which he prays. Third. Because the plaintiff filed no affidavit as required by section 3751, Mansf. Dig. (section 2510, Ind. T. Ann. St. 1899), of the Laws of the state of Arkansas. Fourth. A bill in equity to prevent the execution of a judgment at law is a collateral attack on the judgment, and evidence aliunde the record is inadmissible to contradict it. Fifth. The judgment rendered in this cause is contrary to the law. Sixth. The judgment is contrary to the law and the evidence."

The assignments of error in substance embrace the propositions that a court of equity has no jurisdiction to enjoin this judgment and grant the relief prayed for, and that the judgment in this case is against the law and the evidence. It is said by Mr. Pomeroy that "equity will enjoin a judgment at law where the defendant is prevented from defending by representations that the proceeding will not be carried on against him, and, relying thereon, he does not contest the case, as he might have done, and a judgment is thus obtained against him." Note 1 to section 1364, Pom. Eq. Jur., and numerous authorities cited. High. Inj. § 229, says: "And the courts have repeatedly held that judgments recovered before a justice of the peace may be enjoined as void for want of jurisdiction when no proper service of process was had upon the defendant in the action, and when he had no opportunity to defend." In the Kentucky case cited by appellants to sustain their contention the court say: "But as the mode by which a judgment may be vacated, reversed, or modified is elsewhere in the Code provided, the inhibition contained in section 285, Civ. Code Prac., was manifestly intended, as it does in terms apply, not to the

*Injunction.*

judgment itself, but to proceedings thereon." Railroad Co. vs Reasor, 1 S. W. 599. We have no such provision of the Code providing for vacating, reversing, or modifying the judgments of a United States commissioner's court. On the other hand, the only limitation upon a court of equity is contained in the following: "No injunction shall be granted to stay proceedings upon a judgment of the justice of the peace where the value of the matter in dispute does not exceed $20.00." Section 3750, Mansf. Dig. (section 2509, Ind. T. Ann. St. 1899.) Further: "All judgments, orders, sentences and decrees made, rendered or pronounced by any of the courts of this state against any one without notice, actual or constructive, and all proceedings had under such judgments, orders, sentences or decrees shall be absolutely null and void." Section 5201, Mansf. Dig. (section 3406, Ind. T. Ann. St. 1899.) How could the commissioner in this case render a judgment against the appellee? When he rendered said judgment, no return had been made of any service, except the return of Randolph, who had been deputized to serve the writ upon Dave Crow, and who returned that he had served the writ upon Dave Crow July 22, 1895, and who filed the same in the commissioner s court July 31, 1895. This return was made upon a writ upon which appellee's name had been erased, and Dave Crow's name inserted as the only defendant. There was no return that any service whatever had ever been made upon the appellee by the constable or any one else. The service upon Dave Crow by one without any authority was undoubtedly worthless, but Dave Crow appeared in person and by attorney Heard, and the court thus secured jurisdiction of Dave Crow. But there is no showing that the appellee ever appeared; on the contrary, Heard, the attorney, says he did not appear, either in person or by attorney. There being no return of service, Void Judgment and no voluntary appearance of the appellee, the commissioner had no jurisdiction to render a judgment against the

appellee, and the judgment was void. See Freem. Judgm. §
120a: "In all cases in which a defendant does not voluntari-
ly appear, service of process upon him in some mode au-
thorized by law is indispensable; and if it appears, even in a
collateral proceeding, that any judgment has been rendered
against one who has neither voluntarily appeared nor been
served with process, it must be treated as void." See Boyd
vs Roane, 49 Ark. 397, 5 S. W. 704. Injunction is a proper
proceeding when the judgment is void. Black on Judg-
ments quotes from Krug vs Davis, 85 Ind. 311, with approv-
al, the following: "It is a familiar doctrine that such a pro-
ceeding to enjoin the enforcement of a judgment by execu-
tion constitutes a collateral attack upon the judgment, and
cannot be maintained on account of errors or irregularities
merely, but only upon a showing that the judgment is void."
Black, Judgm. § 253. See also sections 365, 366. The
general rule is well established that equity will not enjoin
judgments at law unless some ground is alleged for equit-
able interference, or that brings the case within the scope of
equitable jurisdiction, and makes it unconscionable to en-
force the judgment.

The master finds "that the constable stated to said A.
Crow that the action was wrongfully brought against him
(A. Crow,) and that he would have it corrected so as to be
against Dave Crow;" and further, "the said constable, at
the instance, I infer, from Worley's [the constable's] evidence,
of Robberson [the plaintiff,] and perhaps Randolph, re-
luctantly mutilated and destroyed said process as a legal in-
strument by the careful erasure of the name of A. Crow
wherever it appeared in and on said summons and order of
delivery, and substituted therefor the name of one Dave
Crow, who theretofore was not a party to said replevin
action." The master further reports: "I further find by a
great preponderance of evidence * * * that the said A.
Crow had a valid and meritorious defense to said replevin

action;" and further, "that he had no adequate remedy at law." The findings of the master are specific, and his examination and investigation of the case appear from an examination of the record to have been full and complete, and carefully performed, and the same is entitled to as much weight and consideration as the finding of a jury. In Brown vs Dailey (Tenn. Sup.) 1 S. W. 885, Snodgrass, J., in speaking for the court, says: "It is not sufficient, to reverse the decree upon the entire account, or any item, that it does not affirmatively appear to be clearly right. It must appear affirmatively to be clearly wrong. The master, with the aid of counsel, has time and opportunity to take up and dispose of the matters in the reference item by item. Counsel may then point out errors and omissions, after the report is prepared, and they may be corrected by the master before the report comes before the chancellor for action. If not so corrected, upon specific exceptions, each alleged error is or may be examined by the chancellor; evidence upon the particular point pro and con heard, argument considered, and each item disposed of after long and minute investigation. When so disposed of, and that disposition is in concurrence with the report of the master, necessarily and properly it must be treated by us with at least as much weight as the finding of a jury,"— citing numerous authorities. The court below confirmed the report of the master, overruling the exceptions of appellants, and rendered judgment as recommended by the master; and where, as in this case, the preponderance of the evidence sustains the findings, this court will not disturb the judgment based on the report of the master. Gaty vs Holcomb, 44 Ark. 516; Gagle vs Lane (Ark.) 5 S. W. 790; Felner vs Wilson (Ark.) 17 S. W. 587.

The master found that appellee had a meritorious defense to the action before the commissioner, and it is evident that, had the sale gone forward under the execution

*Weight given Master's findings.*

upon said void judgment, the appellee would have been subjected to expense and damage, and, in all probability, to a multiplicity of suits, to regain his property. The remedy at law was not adequate and complete, and it was a proper case for the interposition of a court of equity by its restraining process of injunction.

It has been said that the constable made an amended return on the order of the delivery issued by the commissioner in the original replevin suit. This is not borne out by the record. In fact, the constable (Worley,) as shown by the record, had never made any original return of service of the summons or order of delivery. The replevin case was tried before the commissioner September 4, 1895. The complaint in this case was filed December 20, 1895, and the master's report was filed in this case March 24, 1897. The exceptions to said report were filed March 26, 1897. The judgment in this case was rendered March 29, 1897, and on same day of the rendition of the final judgment in this case, and more than one year and six months after the date of the rendition of the judgment by the commissioner, the execution upon which this suit was instituted to enjoin, there appears in the record the following: "Now, on the 29th day of March, 1897, come the defendants, and ask leave of the court to allow the officer to amend and make his return on the original process herein, which was by the court denied and overruled. (See page 114 of this transcript.) And thereafter the defendants by their attorneys, L. C. Andrews and J. B. Thompson, file their written request, for the clerk to incorporate said original writ with the officer's amended return in the transcript of this case, which said request is in words as follows: 'In the United States Court in the Indian Territory, Southern District, at Purcell. Before the Honorable C. B. Kilgore, Judge. Francis H. Crow, as Special Admr. Estate of A. Crow, Deceased, vs W. F. Roberson et al. Written Request for Clerk to Incorporate

Officer's Return in Transcript. Come now the defendants, W. F. Robberson, Wirt, Randolph, and Charles F. Worley, and file this, their written request, that the return made by the officer in the case of W. F. Robberson against A. Crow, and offered in evidence in this case, be inserted in the transcript in this case. W. F. Robberson. Wirt Randolph C. F. Worley. By L. C. Andrews and J. B. Thompson, Attys. for Defendants.' " It does not appear that said written request of the attorneys of appellants was permitted or refused by the court. It has, however, been inserted by the clerk in the record, and is in the words following, to wit: "Which said original writ, with the amended return of the officer, is in words and figures as follows, to wit: 'United States of America, Indian Territory, Southern District—ss.: Before J. B. Thompson, United States Commissioner for the Southern District of the Indian Territory. W. F. Robberson, Plaintiff, vs A. Crow. Defendant. Order of Delivery. The president of the United States of America, to any constable of the Indian Territory, greeting: You are commanded to take one yoke of oxen, of the value of thirty dollars, from the possession of the defendant A. Crow, and deliver them to the plaintiff, W. F. Robberson, upon his giving bond required by law. And you are also commanded to summon the said A. Crow to appear before me at my office in Pauls' Valley, in said Southern district of the Indian Territory, on the 8 day of August, A. D. 1895, to answer the claim of said plaintiff, W. F. Robberson, for said oxen, and also for damages, amounting to five dollars, for the detention thereof, and notify the said A. Crow of the time and place of trial. Given under my hand and seal of office at Purcell, this 18 day of July, A. D. 1895, J. B. Thompson, United States Commissioner Aforesaid.' Which said amended return is as follows: 'I hereby certify that I received the within order of delivery on the 18 day of July, 1895, and served the same in the following manner on the 21st day of July, 1895,

near Robberson, I. T., by then and there giving the said A. Crow a copy thereof, which he returned to me, and I read it to him at his request, and then I again gave same to him, which he kept for about five minutes, and returned to me again, and said that he was not the proper party, but his brother, Dave Crow, was. I took said copy back, and told him if that was a fact the suit had been begun wrong, and we would have to change it. He then asked me what he must do, and I told him if he did not appear judgment would be taken against him. I then took the copy away with me and changed it without authority from the commissioner, and on my own account, on the above suggestion of defendant, and on the day following. The, change was from "A. Crow" to "Dave Crow," whom deft. had suggested to me. I then left the same with Wirt Randolph, to be served. C. F. Worley, Constable.' Indorsed: 'No. 61 Commissioner's Court. Order of Delivery. W. F. Robberson vs A. Crow. Issued the 18 day of July, 1895. Returnable the 8 day of August, A. D. 1895. J. B. Thompson, U.

Amendments S. Commissioner. Filed in open court Mar. 29, 1897. Joseph W. Phillips, Clerk.' " This is the first that appears of the alleged amended return. It was not before the commissioner in the replevin case, it was not before the master in this case, and its being filed as an amended return was refused by the court, as appears from the following: Order Overruling Motion to Allow Officer to Amend His Return. Again, on this the 29th day of March 1897, the same being the 7th day of the regular March, 1897, term the following, among other, proceedings were had, to wit: 'A. L. Crow et al. vs W. F. Robberson et al. No. 132. Order Overruling Motion to Amend Return. And now the court is moved to allow the officer to amend & make his return on the original process herein, & the court being advised, doth in all things overrule and deny the said motion.' " We therefore say it is not an amended return. In our

opinion, the judgment of the court below was correct, and it is therefore affirmed.

SPRINGER, C. J., and CLAYTON and THOMAS, JJ., concur.