Case 55.—ACTION BY MARION ROBINSON AGAINST JOHN M. CARLTON AND OTHERS FOR AN INJUNCTION RESTRAINING THEM FROM SELLING HIS LAND ·UNDER A VOID JUDGMENT.—Oct. 5.

## Robinson v. Carlton, &c.

Appeal from Grant Circuit Court.

JOHN M. LASSING, Circuit Judge.

From a judgment dismissing Plaintiff's petition on demurrer he appeals.   Reversed.

Injunction—Grounds—Judgment Rendered Without Process—
  Plaintiff, M. R., filed a petition for an injunction in the Grant Circuit Court to prevent the sale of this land, alleging that defendant, by proceeding in a justice's court of said county, obtained a judgment against M. R. for $——, on which execution was issued and returned "no property found," and thereafter a transcript was filed in the clerk's office of the Grant Circuit Court, in which an execution was issued and levied on plaintiff's land by the sheriff who was about to sell it; that no summons was served on the plaintiff from the justice's court, but it was served on another man of the same name of the plaintiff. Held—That the petition stated a case for an injunction and a demurrer thereto was improperly sustained.

2.  Same—The fact that the petition failed to allege· that plaintiff was not indebted to the defendant in the demand sued on did not render the petition bad, for if he had been so indebted that fact would not have authorized a judgment against him in the justice's court unless he had been summoned to appear and answer the warrant.

J. G. TOMLIN and J. L. VEST for appellant.

On demurrer the allegations of the petition must be taken as true and it is submitted that the line of cases cited with approval in the case of (Jacobson &c. v. Wernert, 19 Ky. Law Rep., 662) has no application to the case at bar, but that the law governing the case at bar is found and fully set out in the case of (Bean v. Everett, 21 Ky. Law Rep., 1790).

C. H. BEASLEY attorney for appellee.

1. We submit that taking all the allegations of plaintiff's petition and amended petition he said nothing more nor less than that

he was never served with process from the Justices' court in which the judgment was rendered against him, and if we are correct in this, such an error could only be corrected in the court rendering the judgment.

2. Appellant no where in his petition denies that he owed appellee the debt he is claiming.

OPINION BY JUDGE SETTLE—Reversing.

This equitable action was instituted by appellant to prevent, by injunction, the sale of his land under an execution for a small amount in favor of appellee, John M. Carlton, which was levied on the land by the appellee, W. H. Barker, sheriff of Grant county. It appears that judgment was obtained by appellee, Carlton, in the court of F. M. Blackburn, a justice of the peace of Grant county, against one Marion Robinson, for the amount named in the execution. An execution was issued from the magistrate's court on this judgment, and was returned "No property found," thereafter, a transcript of the judgment, execution and return, and taxation of costs was filed in the office of the clerk of the Grant circuit court, and from that office the execution issued which the sheriff, to whom it was directed, levied on appellant's land. Upon the filing of the petition, appellant was granted a temporary restraining order. At the succeeding term of the circuit court, demurrers, special and general, were filed to the petition by appellees, the former raising the question of want of jurisdiction, and the latter assailing the sufficiency of the petition. Both demurrers were sustained. Appellant then filed an amended petition, and appellees insisting upon the demurrers to the petitions as amended, they were again sustained by the court. As appellant did not further amend, judgment was entered dismissing the action at his cost, and from that judgment he has appealed.

Do the facts alleged in the petition authorize the granting of the relief asked by appellant? The original petition was clearly insufficient. As amended

some of its averments are inaccurate in form and incomplete in statement, others are mere conclusions of the pleader, but considered as a whole it substantially manifests these essential facts which are confessed by the demurrer. (1) That appellant was not served with summons from the magistrate Blackburn's court, or any other court, in the action of John M. Carlton v. Marion Robinson, wherein was rendered the judgment supposed to authorize the issual of the execution levied on appellant's land. (2) That the judgment in question was not rendered against him. (3) That at the time of the institution of the action in the justice's court and when the judgment was rendered, there was another man residing in Grant county bearing appellant's name, Marion Robinson, and he—the other Marion Robinson—is the person against whom the judgment was rendered, if rendered at all. (4) That not only had execution issued on this judgment, but it had been levied by the sheriff on appellants land, and the land duly advertised for sale thereunder, and finally, that the sale thereof would immediately be made by the sheriff under, and in satisfaction of, the execution, to the injury and irreparable loss of appellant, unless prevented by injunction. We think the petition as amended states a good cause of action.

It is contended by counsel for appellees that the petition is bad because it fails to allege in terms that appellant was not at the time of the rendition of the judgment in the magistrate's court, indebted to Carlton, the plaintiff therein, on the demand sued on. It is true, such averment is wanting, but if appellant had been indebted to Carlton that fact would not have authorized a judgment against him, or given any legal effect to that rendered, if, as alleged in the petition, he had not theretofore been served with summons or warrant. In other words, if, as alleged in the petition, appellant was not served with sum-

mons in the magistrate's court in the case mentioned, and the judgment therein was not rendered against him, but against another resident of the county of the same name, the judgment is void as to him, and his land is not subject to the execution levied on it. Did the lower court err in sustaining the demurrer to jurisdiction? Section 285, Civ. Code Prac. provides: "An injunction to stay proceedings on a judgment shall not be granted in an action brought by the party seeking the injunction, in any other court than that in which the judgment was rendered." The mandatory character of this section of the Code has been recognized in many decisions of this court. C., O & S. W. R. R. Co. v. Reasor, 84 Ky. 369, 8 Ky. L. R. 374; 1 S. W. 599; Kelly v. Kelly, 2 Duv. 363; Davis v. Davis, 10 Bush, 274; Neeters v. Clements, 12 Bush, 359; Jacobson v. Wernert, 41 S. W. 281, 19 Ky. Law Rep. 662. While the cases supra seem to apply the mandatory provisions of section 285 to all actions to enjoin proceedings on judgments, by whomsoever brought, yet a careful reading of them will show that in each case the party seeking the injunction was likewise a party to the judgment, proceedings on which were attempted to be enjoined. In Mallory v. Daubers Eh'r, 83 Ky. 239, 7 Ky. L. R. 243, it was apparently held that this section applied to a party there seeking by injunction to stay proceedings on a judgment, though he was not a party to said judgment. But as in that case the question determined was of priority of lien, which was decided independently of any objection made to the injunction that had been granted by the lower court, and this court refused to reverse the judgment because of the granting of the injunction; it may be concluded that what was said in the opinion in applying section 285, Civ. Code Prac. to the party obtaining the injunction in that case, was unnecessary to its decision, and is therefore to be regarded as mere dicta.

In the more recent case of Bean v. Everett, 56 S. W. 403, 21 Ky. Law Rep. 1790, it seems to have been held that section 285 did not apply to an injunction to stay proceedings on a judgment where the party asking it was not a party to such judgment. We think this view of the matter consonant with reason and justice. There is every reason for requiring one seeking to enjoin proceedings under a judgment, to which he was a party, to go for relief to the court which rendered it, for it is binding upon him and conclusive of his rights until reversed, or otherwise legally vacated. Therefore, the framers of the Code, in order to prevent one court from having control over a judgment of another court, rendered in pursuance of its jurisdictional powers, wisely enacted the section supra. On the other hand no good reason can be advanced for holding that this section should be so interpreted as to extend its provisions to one seeking to enjoin proceedings under a judgment to which he was not a party, and by which he is not in any way legally bound. Accepting as true, for the purposes of the demurrer, the averments of the petition in the case at bar, the judgment under which the execution levied on appellant's land was issued has no legal force or effect as to him or his property. Indeed, as to him, it is absolutely void, and this being true, he may attack it collaterally, or by injunction stay proceedings thereon, and prevent the sale of his land under the execution issued in pursuance thereof.

Whilst, as a general rule, courts of equity will not interpose by injunction to try title, either as to personal or real property, the remedy at law ordinarily being sufficient for that purpose, yet they will do so, in a case of this character, where the real estate of the plaintiff is about to be sold in satisfaction of a judgment which as to him is void, or under execution for debt owing by a third party, to prevent irreparable injury to his title, or oppresive litigation growing out of a multiplicity of suits in which he might be involved

with purchasers, in the event such sale were permitted. Nor is it necessary, in order to avail himself of the remedy here sought, that appellant should allege the insolvency of appellee, or other facts or reasons showing that a judgment for damages at law would not afford adequate relief. From what has been said, it follows that the lower court erred in sustaining the demurrers.

Wherefore the judgment is reversed for proceedings consistent with this opinion.