FOX TROT PROPERTIES,
LLC, Appellant,

v.

Hon. Samuel T. WRIGHT, III, Judge,
Letcher Circuit Court and DLX, Inc.,
Real Party in Interest, Appellees.

No. 2009–SC–000329–MR.

Supreme Court of Kentucky.

June 17, 2010.

Jason Michael Colyer, Michael Ray Eaves, Sword, Floyd & Moody, PLLC, Richmond, KY, Counsel for Appellant.

Hon. Samuel T. Wright, III, Judge, Letcher Circuit Court, Whitesburg, KY, for appellee, Hon. Samuel T. Wright, III.

Wayne Frederick Collier, Shelby C. Kinkead, Jr., Kinkead & Stilz, PLLC, Lexington, KY, Daniel Fayne Dotson, Whitesburg, KY, Counsel for Real Party in Interest, DLX, Inc.

Opinion of the Court by Justice NOBLE.

Appellant, Fox Trot Properties, LLC, appeals to this Court from an order of the Court of Appeals denying its petition for a writ of prohibition. For the reasons set forth below, the order of the Court of Appeals is affirmed.

## I. Background

This case involves an order of the Letcher Circuit Court staying the enforcement of its own judgment. In 1995, the court entered default judgment against DLX, Inc., the real party in interest, for $312,234.40. This judgment was then assigned to Appellant, Fox Trot Properties, LLC, in 2004.

The only asset DLX has which could satisfy the judgment is an 82–acre tract of land in Estill County. This land has been subject to substantial litigation in Estill Circuit Court, Letcher Circuit Court, and U.S. Bankruptcy Court, all relating to Fox Trot's failed attempts to claim ownership of the tract, its placing clouds of title over the tract, and its attempts to force a sale of the tract to satisfy the judgment. This litigation has been going on from at least 2001 until at least 2008.

Based on this protracted litigation, DLX moved the Letcher Circuit Court in 2008 for partial relief from the judgment under CR 60. DLX claims that it should not have to pay full post-judgment interest because the only reason it has not yet satisfied the judgment is that Fox Trot has prevented the sale of the 82–acre tract through its many lawsuits. This is based on the equitable concept that a debtor does not owe interest during the period when the creditor prevents payment.

The Letcher Circuit Court ordered the parties to brief the motion and that Fox Trot be "stayed from any further actions to enforce the judgment until the issues have been fully briefed, presented and ruled upon by the Court." In response, Fox Trot filed a writ of prohibition in the Court of Appeals, asserting that the Letcher Circuit Court did not have jurisdiction to stay enforcement of its judgment while it considered DLX's motion.

The Court of Appeals denied the writ. Fox Trot appealed to this Court as a matter of right. Ky. Const. § 115.

## II. Analysis

### A. Availability of the Writ

■ "[W]rits of prohibition ... are extraordinary in nature, and the courts of this Commonwealth 'have always been cautious and conservative both in entertaining petitions for and in granting such relief.'" *Kentucky Employers Mut. Ins. v. Coleman,* 236 S.W.3d 9, 12 (Ky.2007) (quoting *Bender v. Eaton,* 343 S.W.2d 799, 800 (Ky. 1961)). A writ for prohibition may be issued if the lower court is (1) acting outside its jurisdiction and there is no remedy through an application to an intermediate court, or (2) acting erroneously within its jurisdiction, great and irreparable harm would result, and there would be no adequate remedy by appeal. *Hoskins v. Maricle,* 150 S.W.3d 1, 10 (Ky.2004).

### B. Jurisdiction to Issue the Stay

■ Fox Trot first argues it is entitled to the writ because the Letcher Circuit Court acted outside its jurisdiction by staying the enforcement of its own judgment. The basis of this claim is that the stay affects enforcement proceedings against the 82–acre tract, which is in another county. This Court disagrees that this deprives the Letcher Circuit Court of jurisdiction over its own judgment.

The power of the court to stay enforcement of the judgment in this case comes from CR 62.01. That rule provides:

> In its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of or any proceedings to enforce a judgment pending the disposition of a motion for relief from a judgment or order made pursuant to Rule 60.

This is precisely what happened here. DLX requested relief from the judgment under Rule 60. Its motion specifically cites CR 60.03, which gives the court the power "to relieve a person from a judgment ... on appropriate equitable grounds." It can also be reasonably construed as a request for relief under CR 60.02(f), which gives the court the power to "relieve a party ... from its final judgment" for "any other reason of an extraordinary nature justifying relief." The motion cites, and clearly requests, relief under CR 60. Under CR 62.01, then, it was within the court's discretion to stay enforcement until it could rule on the motion.

The court had jurisdiction to do so. In fact, the only court with jurisdiction to stay enforcement of a judgment is the court which rendered that judgment—in this case, the Letcher Circuit Court. This has long been the rule in Kentucky. KRS 454.080 provides that:

> An injunction to stay proceedings on a judgment shall not be granted ... in any other court than that in which the judgment was rendered. Nor shall such injunction be granted, unless the party applying therefor make affidavit that no injunction has been previously granted to stay the proceedings on such judgment.

This statute was enacted in 1952, and it is a verbatim recodification of Section 285 of the Civil Code of Practice, which dates back to the nineteenth century. Kentucky courts have long recognized that this language means "[t]he court in which the judgment was rendered alone had the jurisdiction to enjoin it." *McConnell v. Raive*, 8 Ky. L. Rptr. 343, 1 S.W. 582, 582 (1886) (citing Section 285 of the Civil Code of Practice; *Neeters v. Clements*, 75 Ky. (12 Bush) 359 (1876); *Davis v. Davis*, 73 Ky. (10 Bush) 274 (1874)).

This rule ensures that comity prevails among the various trial courts of the state. Orderly procedure and proper respect for courts requires that attacks upon their judgment should be made in the court rendering the judgment, rather than in other courts indiscriminately. Indeed, it would be unseemly for courts in one county to seek to control execution on a judgment validly entered in another jurisdiction.

30 Am.Jur.2d *Executions and Enforcement of Judgments* § 328 (2005) (footnotes omitted). "Thus, a judgment debtor must, if it has an adequate basis for doing so, request the court in the county in which the judgment was entered to stay execution." *Id.* This is what DLX did.

Fox Trot argues that the Letcher Circuit Court lacked jurisdiction to issue the stay because the court's order affected its attempts to enforce the judgment against the 82–acre tract, which happens to lie in Estill County. This argument fails, however, because this Court has consistently applied the same rule for cases involving enforcement actions against real estate in other counties. In summarizing previous cases interpreting the language now in KRS 454.080, the Court said:

> In *Kelly v. Kelly*, [63 Ky. (2 Duv.) 363 (1866)], it was held that, notwithstanding the note on which judgment was rendered was given for land ..., never-

theless it could be enjoined by no other than the quarterly court in which the judgment was rendered.... In *Neeter [Neeters] v. Clements,* [75 Ky. (12 Bush) 359 (1876) ], it was held that, even when ... an execution had been issued by the clerk of the circuit court, on a judgment of the quarterly court, and levied on real estate, the circuit court had no jurisdiction to enjoin such execution, the power to do so being alone in the court that rendered the judgment; and it was so decided at the present term of this court in *McConnell v. Raive,* [8 Ky. L. Rptr. 343, 1 S.W. 582, 582 (1886) ] ... where the same question was presented.

*Chesapeake, Ohio & Sw. R.R. Co. v. Reasor,* 84 Ky. 369, 1 S.W. 599, 600, 8 Ky. L. Rptr. 374 (1886).

Thus, the Letcher Circuit Court had the jurisdiction to stay enforcement of its own judgment. The Letcher Circuit Court entered the original judgment; DLX filed a motion, in Letcher Circuit Court, to modify this judgment under Rule 60; the Letcher Circuit Court then ordered briefing and temporarily stayed enforcement of its judgment, under CR 62.01, until it could rule on the motion. This is precisely what KRS 454.080 and prior Kentucky cases allow. *See, e.g., McConnell,* 8 Ky. L. Rptr. 343, 1 S.W. at 582. There is no valid reason to depart from such clear precedent, and this Court declines to do so.

### C.  DLX's Underlying Motion

Fox Trot also attacks DLX's underlying motion. First, it argues that the relief DLX requested, which it says may be "charitably characterized" as a motion under CR 60.02(f), would not "constitute the kind of 'unusual circumstances' justifying relief" under that rule. But that is for the Letcher Circuit Court to decide when it rules on the motion. Only the temporary stay of enforcement is before this Court. This Court cannot issue a writ of prohibi-

tion to address the merits of a motion that has not been decided by a lower court.

In addition, Fox Trot argues that DLX's motion was untimely. Although a CR 60.02(f) motion must be "made within a reasonable time," and this "is a matter that addresses itself to the discretion of the trial court," *Gross v. Commonwealth,* 648 S.W.2d 853, 858 (Ky.1983), this Court has held that this decision "should be subject to limited jurisdictional review." *Asset Acceptance v. Moberly,* 241 S.W.3d 329, 331 (Ky.2007). However, as the trial court has not actually granted CR 60.02(f) relief or made any determination as to timeliness, there is nothing yet to review. It would be inappropriate to address this issue first-hand through a writ action, especially as Fox Trot makes no compelling argument that the motion was not made within a reasonable time.

### III.  Conclusion

In sum, Fox Trot has failed to show why it is entitled to the extraordinary relief it requests. It stresses that "Letcher County [has] no jurisdiction over a lawsuit filed in Estill County" or "over an Estill County proceeding." However, the Letcher Circuit Court has jurisdiction to entertain motions for relief from its own judgment and to stay enforcement of its own judgment while it considers such motions. That is all that occurred in this case. Fox Trot's other arguments, as to why DLX's motion should be denied, can be raised and fairly addressed in the Letcher Circuit Court.

For the foregoing reasons, the order of the Court of Appeals denying Fox Trot's petition for a writ of prohibition is affirmed.

All sitting.  All concur.